(No. 4607— )

MARIE WEYGANDT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 21, 1957.*

GILBERT ROSCH, EDWARD W. GARNHOLZ AND FLOYD D. STEWART, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Claim was made by Marie Weygandt against respondent for personal injuries sustained by her on August 18, 1953, while she was a guest at the Illinois State Fair at Springfield, Illinois, for which a demand has been made for $7,500.00.

The doctor and hospital bills amounted to approximately $250.00. Claimant contends that she has been unable to follow her usual occupation, and, as a result, has suffered loss of wages in an undetermined amount.

The record consists of the following:

Complaint.
Answer in the nature of a Departmental Report.
Reply filed by claimant.
Transcript of testimony taken before Commissioner Jones on September 21, 1954.
Claimant's and respondent's briefs and arguments.
Reply brief and argument filed by claimant.

Claimant, her sister, Mrs. Ehrhold, her sister and brother-in-law, Mr. and Mrs. Hegele, and the Hegele's two small children arrived at the State Fairgrounds at about 1:00 P.M. They paid admission, and, after visiting numerous exhibits, were preparing to board a bus, which was near the Administration Building.

Within the immediate vicinity of the location where they were going to board the bus was a concession stand, which sold sandwiches, drinks, etc. Near the concession stand was some debris, and, as claimant stepped from the curbing with her right foot, which was at about 3:30 P.M., she felt something slippery under her heel. Her left foot slipped causing her to lose balance, and she

fell on her arm. She was assisted by policemen in attendance at the First Aid Station. Her arm started to swell. Dr. Farney gave her a hypo, and recommended that she be taken to St. John's Hospital in Springfield. From X-rays taken there, it was discovered that she had a broken wrist. A cast was applied. While the break has now knitted, she is still bothered by the wrist due to the fact that a piece of the bone is still lodged in it. This fact was testified to by other doctors as to the cause of her pain. They stated it would necessitate surgery to remove the bone fragment, and that the wrist was weak. Claimant also testified that she was experiencing some pain in her knee. Her claim is for medical bills and loss of earnings.

There is testimony that there was debris, presumably in the street, near the concession stand, and apparently some papers or substance on the sidewalk, from which claimant stepped, were sticky, but no one was able to identify what she stepped on, or just how she happened to slip and fall, other than that her left foot slipped, as she stepped into the street preparatory to boarding a sight-seeing bus. We are unable to determine from the record the amount of debris, which had accumulated or the condition of the grounds in the vicinity of the stand. Furthermore, apparently no one saw her fall, other than her relatives, nor was anyone able to testify why she fell, other than from stepping on a gummy or sticky substance.

There was no testimony offered by respondent. However, in the Departmental Report, which is in the nature of an answer to the complaint, it is admitted that the fair was being held on the date of the accident, namely August 18, 1953, and that during the fair the

state employed a maintenance crew for the purpose of keeping the streets and sidewalks on the said fairgrounds and the buildings thereon in a neat, safe and husbandlike manner, and that the maintenance crew carefully and faithfully performed their duties, having in mind the safety, welfare and protection of the guests and persons attending said fair. Particular reference was made to the area in the vicinity of the Administration Building. Furthermore, during the fair in 1953, respondent, through its agents, did not have any knowledge or information as to any unsafe and dangerous conditions, which existed on said fairgrounds during the holding of said fair, as alleged in this complaint.

Claimant relies, first, upon the fact that she was an invitee, as distinguished from licensee, and there is no question but what she was an invitee. There is no dispute as to the law in regard to invitees, in that more responsibility is placed on respondent than if claimant was a licensee, requiring the owner of the premises to use reasonable care and caution in keeping the premises reasonably safe for use by such invitee.

Second, the negligence charged is permitting debris to be on the sidewalk near the concession stand, or in the street, upon which claimant slipped and fell.

Third, claimant contends that in regard to notice the evidence offered was sufficient to make a prima facie case even though respondent did not have actual notice, (which is absent from the record). Further, claimant contends the state had constructive notice of the condition of the place where the accident occurred, and the Court should take into consideration not only the character of the place involved, but also the surrounding

elements and circumstances, which are present in a gathering such as existed at the Illinois State Fair on the day in question. Claimant further contends the Court should bear in mind the great number of people, and the likelihood of various elements of waste being thrown about the streets and sidewalks in and near where the concession stands were located, so as to cause a duty to be placed upon respondent to see that sufficient means were at hand to keep that area clear.

Claimant is also relying upon the fact that respondent offered no evidence, and, that that in itself strengthens the claimant's case, for it is an established principle of evidence, recognized everywhere, that where evidence chiefly in control of the adverse party is not produced, failure to so produce that evidence tends to strengthen the probative force of the evidence given to establish such claimed fact or facts.

Respondent is relying upon the material and pertinent portions of its answer, which is in the nature of a Departmental Report, to the effect that it did have maintenance crews throughout the grounds during the entire fair, and on the day of the accident in question, and denied the existence of a large amount of debris as was alleged in the complaint and testified to by claimant's witnesses. It was further apparent that none of respondent's employees were in the immediate vicinity when claimant fell and sustained her injuries; and, secondly, the state had no knowledge of any excessive or dangerous condition, as alleged by claimant, and it had no knowledge or information as to the particular injury until the complaint was filed in this Court.

Respondent is also relying upon the fact that claimant attempted to cross the street near the Administration

Building, but not at the sidewalk or crosswalk. She stepped in the street with her right foot, and, when she put her left foot down, she slipped and fell. She was looking down as she left the curb, because of the amount of debris in the street to dodge, and she did not know what she stepped on, but after the fall there was some soft or sticky substance on her left heel. Her sister did not see her fall, but saw her after she fell, and verified the injury to her right arm.

The first point of respondent's brief has to do with actual or constructive notice of the defect alleged to have caused the injury, and contends that, unless claimant proves either actual or constructive notice of the defect, recovery should be denied, citing:

> *Delaney* vs. *State of Illinois*, 21 C.C.R. 191.
> *Di Orio* vs. *State of Illinois*, 20 C.C.R. 53.
> *Arnett* vs. *City of Roodhouse*, 330 Ill. App. 524.

The Delaney case was one where this Court sustained a motion to dismiss the claim on the ground that the complaint was insufficient, because it failed to allege respondent to have had actual or constructive notice of the defect alleged in the complaint; and, furthermore, that said defect was dangerous and unsafe for ordinary travel.

In the Di Orio case, it was held that it would be a dangerous precedent for this Court to hold that the state would be liable for all defects on a highway, which it was under duty to maintain; that there was nothing in the record to show respondent was guilty of any negligence, and to hold that the state would be liable without notice, actual or constructive, would be making the state an insurer.

The Arnett case involved a situation where a manhole cover tilted when plaintiff walked across it, and, as a result of which, he fell into the hole in the sidewalk up to his hip, and sustained personal injuries.

The Court said in that case, and we quote:

"As a matter of fact the structural condition of such hole and cover may have been perfect, and yet the cover may have been lossened but a few moments before the accident by some child or adult for some unexplained reason. While the evidence does show 'ill adjustment' of the cover at the time of the accident, there is no evidence showing or tending to show any notice or knowledge, actual or constructive, on the part of defendant of such improper adjustment of the cover."

Numerous cases are cited by respondent to the effect that the state, like a municipal corporation, is not an insurer against accidents upon streets and sidewalks. We do not believe it necessary to comment on all of the decisions cited, since this Court and other courts have held many times that the state is not an insurer of all those traveling upon highways or being upon property owned by respondent. Furthermore, claimant must allege and prove the exercise of due care and caution, which, of course, is the law in all tort cases.

Next, claimant is required to exercise a degree of care commensurate with the circumstances, and will not be heard to say that she did not see that which she must have seen, if she properly exercised her faculty of sight.

*Duffie and Hukill* vs. *State of Illinois,* 19 C.C.R. 40.
*Dee* vs. *City of Peru,* 343 Ill. 36.
*Briske* vs. *Village of Burnham,* 379 Ill. 193.

And, lastly, the burden of proof is upon claimant to establish her claim by a preponderance of the evidence.

It is a well known fact that the Illinois State Fair is a largely attended exposition. It would have been an impossibility for the state to keep the entire grounds

free from all debris, which in the instant case could have accumulated within a matter of minutes before claimant slipped and fell. The only duty upon respondent is to have maintenance crews available to keep the premises as clean and safe as possible, taking all matters into consideration.

Before the state could be held liable, it would have to have either actual or constructive notice of a dangerous or hazardous condition. This is not established by the record. It could be assumed that just prior to the accident some child might have dropped gum or some other sticky substance on a piece of paper, which claimant failed to see, and stepped on, causing her to fall. We do not believe that in a case of this kind the state is required to maintain a staff large enough to keep every piece of paper, candy or gum off of the streets, which accumulate in a short period of time, and certainly could not be expected to remove every substance, which some child might throw upon the ground. To hold otherwise would practically make respondent an insurer of every individual attending the fair, which, in our opinion, would be unreasonable.

To recover in cases of this kind it is a prerequisite that claimant prove, first, freedom from contributory negligence; second, negligence of respondent, which was the proximate cause of the accident; and, third, injuries or damages as the result thereof. In this regard, we are also mindful of the fact that claimant was not crossing the street at a crosswalk. There was some responsibility on her part in stepping from a curb into debris, as she testified, and she certainly could anticipate that there might be something underneath the paper, which would cause her to slip, thereby placing the responsibility on her, which she has not assumed in this case.

This is not the sole reason for denying liability. We are basing our denial of this claim primarily on failure to show that respondent's agents were derelict in their duty to maintain the fairgrounds, or lack of evidence as to actual or constructive notice of the hazardous condition, and, lastly, due to the fact that the state is not an insurer of all persons upon the grounds. We are of the opinion that claimant has not assumed and proven by a preponderance or greater weight of the evidence the elements, which she is required to prove before recovery can be had.

Claimant's demand for damages for personal injuries is, therefore, denied.