Kenneth Prater, Administrator of the Estate of Kathy Faye Prater, Deceased, Plaintiff-Appellee, v. Allen D. Veach, Defendant-Appellant.

Gen. No. 61–O–6.

Fourth District.

February 26, 1962.

Franklin, Garrison & Bleyer, of Marion, for appellant.

R. W. Harris, of Marion, for appellee.

CULBERTSON, J.

This cause is before us on an appeal from the Circuit Court of Johnson County from a judgment in the sum of $7500.00, based upon a jury verdict in the same

amount, arising by reason of the electrocution of a two and one-half year old child. It was based upon an allegation of negligence of the defendant in the maintenance of an air conditioning unit on his premises where he permitted the children to play. The appeal is based primarily on the ground that there is no evidence of negligence of the defendant.

A motion is likewise made by plaintiff to dismiss the appeal, principally on the ground that the abstract of record in the case before us does not comply with Rule 6 of this Court because the abstract fails to show that a final judgment has been entered in the case or that the point which is now being argued on appeal has been preserved for review. The abstract shows the pleadings, the evidence, and that defendant filed a motion for directed verdict at the close of the evidence; and that the motions were overruled. It contains two entries, one, "post-trial motion," and another, "judgment order overruling post-trial motion." No issues are raised as to the form of the judgment, and there is nothing in detail as to the judgment order to which either appellant or appellee raised any issues on appeal in this Court.

 We have frequently stated that the Practice Act should be liberally construed and if the abstract shows in fact that a judgment was entered (with notice of appeal filed and appeal bond filed and approved), that there should not normally be a basis for dismissal on motion as to the sufficiency of the abstract (Ellet v. Wyatt, 345 Ill App 420, 103 NE2d 526). The motion to dismiss the appeal is therefore denied.

 The evidence disclosed that the decedent, a little girl two and a half years old, was electrocuted when she came in contact with an air conditioning unit located on a concrete patio behind the house of defendant, Allen D. Veach. The Veach family had three young children of their own who played about the area. The decedent was found lying across the

63

connecting pipes, between the pump motor and the cooling tower. She had been electrocuted. The portion of the air conditioning unit that was installed outside of the house at the time consisted of a cooling tower to which was connected a pump and motor. There was no ground wire from the pump and motor. The cooling system had been installed a year before by a dealer and installer of such equipment. Neither the defendant nor his wife had anything to do with the installation or knew anything about it; no trouble had developed with the system prior to the accident in question; and the children of the defendant had played about the equipment as they had been playing on the day of the accident. After the death of decedent, examination of the motor revealed that a splice or coupling had been made within the motor housing by the manufacturer, which splice had been taped but not tied down, and when through vibration or other causes the wire became bare it came in contact with the motor housing and the same was energized. The manufacturer was not a party to the suit, and the installer of the equipment who was made a party defendant was dismissed by plaintiff.

 Defendant had no one inspect the installation other than the individual who installed it. He was not a licensed electrician but held himself out as a dealer and installer of such equipment. The owner of land is subject to liability for bodily harm or wrongful death to invitees resulting from natural or artificial conditions only if he knows of the condition and realizes that it involves an unreasonable risk to invitees, or permits them to remain on the land without exercising reasonable care to make the condition reasonably safe, or to warn invitees of the condition and the risk involved therein. Basically, the true basis of liability is the foreseeability of harm to a child such as the decedent (Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836). The doctrine of foreseeability has been

the principal basis of tort liability and when a person has no reason to suspect injury, he is not required to look for it (Kuhn v. Goedde, 26 Ill App2d 123, 167 NE2d 805). In the latter case the Court concluded that liability under the rules of ordinary negligence requires some knowledge on the part of the defendant, actual or constructive, of the possibility of the danger complained of.

Defendant in the case before us gave no instructions as to the nature of the installation, but simply had it installed and paid for the installation after it was completed. He had no knowledge of how much voltage was actually used to power the unit. Nothing in the record indicates anything which would warn or lead the defendant to inspect the installation other than what was actually done. Hidden dangers must be known to an owner as a condition of liability. The mere fact that defendant Veach owned the instrumentality does not result in liability. There was no reason for him to suspect that the air conditioning equipment was improperly installed. Any other conclusion would result in an intolerable burden upon a person who contracts with others to install an air conditioning system for him. As stated in the case of Kuhn v. Goedde, supra, it is always unfortunate when a child is injured while playing but a property owner, unless he is at fault under a recognizable theory of liability, cannot be required to indemnify against every possibility of injury.

Under the circumstances and on the record in this case, we are unable to find any basis for a finding of negligence on part of the defendant. The judgment of the Circuit Court of Johnson County must, therefore, be reversed and judgment entered here in favor of the defendant.

Reversed and judgment entered here.

HOFFMAN, P. J. and SCHEINEMAN, J., concur.