426

(No. 5368— 

ALICE KELLY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 17, 1969.*

GEORGE B. LEE, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MAR-TIN, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimant, Alice Kelly, seeks recovery of $5,609.00 for injuries sustained on May 1, 1966, while attending an open house at the A. L. Bowen Children's Center in Saline County, Illinois. Claimant alleges that respondent was negligent in conducting claimant, along with other people, onto a loading platform, which had an unprotected stairway from which she fell.

The undisputed facts reveal that there was an open house at the A. L. Bowen Children's Center, which was attended by a large number of people. Groups consisting of twenty to thirty people each were formed to go through the Center. An employee of the Center conducted each tour, and was in charge of each group.

Claimant was in one of the groups described above, which started in the Administration Building, and, after going through the kitchen, the group was directed through

a door onto a concrete loading platform where claimant fell. The evidence shows that there was no guard rail on an open stairway leading from the kitchen to the loading platform. She was toward the rear of a group of approximately thirty people when she fell. The same person conducted her tour throughout.

Other persons who were part of the group in claimant's tour testified that they did not see the stairway at the time because of the large group, and that there was no guard rail or protective device on the stairs.

Mr. Paul Tanner, an employee of the A. L. Bowen Children's Center, testified that the public was invited to the open house, and that approximately 5,000 people attended.

Mrs. Kelly testified that she decided to take a tour of the Bowen Center after seeing an invitation in the newspaper.

Respondent contended that claimant was a licensee and not an invitee, and had failed to maintain the burden of proof that Respondent was guilty of wilful and wanton misconduct. Respondent cites several cases, which define "invitee" as one "on the premises by invitation to transact business in which the parties were mutually interested."

Respondent quotes the Illinois Supreme Court in *Ellguth* vs. *Blackstone Hotel, Inc.*, 408 Ill. 343, 347, 348, as follows:

"The materiality of the question of whether plaintiff was an invitee or licensee arises from the fact that a heavier duty of care is placed upon an owner of premises toward an invitee than toward a licensee or trespasser. Toward an invitee the owner of premises must use reasonable care and caution in keeping the premises reasonably safe for use by such invitee; while toward a licensee no duty is owed by such owner, except not to wantonly and wilfully injure him. . . . To

be upon premises by an implied invitation means that the person is there present for a purpose connected with the business in which the owner of the premises is engaged, or which he permits to be carried on . . .

"It is frequently a difficult question to decide whether the injured person is a licensee or invitee. The test is said to be whether one goes upon the premises of the owner by invitation to transact business in which the parties are mutually interested. . . ."

Respondent cites further cases to the effect that a social guest is treated as a licensee and not an invitee, and, therefore, must prove wilful and wanton misconduct in order to recover against the possessor of the land.

In the case of *Levy* vs. *State of Illinois,* 22 C.C.R. 694, 696, this Court held:

"The fact that the State institutions have visitors' days, and encourage visits with patients, would indicate that claimant was more than a 'licensee' and should be treated as an 'invitee'."

In the case of *LeRoux* vs. *State,* 307 N.Y. 397, 121 N.E. 2d 386, 46 A.L.R. 2d 1063, the court held that a person going upon land owned by the State, and maintained for public purposes and public use is not a mere licensee to whom the State owes no duty other than to refrain from wilful or wanton injury, but is an invitee entitled to the exercise of reasonable care to prevent or warn against dangers, which the State's agents knew, or should have known, existed. In that case, the claimant fell into an uncovered abandoned well while on land in the State reforestation area for the purpose of berry picking. The signs posted in the area said "Public Hunting Ground." The court pointed out that the property upon which the claimant was injured was specifically maintained for public purposes and for public use. The court stated:

"In the case at hand claimant and her family had entered upon the preserve with knowledge gained from signs, which bore the legend 'Public Hunting Ground'. They thus became entitled to expect that

the State, as owner and maintainer of land for public use, would exercise reasonable care to prevent, or to warn against dangers to claimant and others coming upon the land, which the State's agents knew, or should have known, existed."

Respondent cites the case of *Burris* vs. *State of Illinois,* 24 C.C.R. 282, to support its contention that claimant in the instant case was a licensee instead of an invitee. In that case the American Red Cross sponsored an event, which was held in the State Capitol Building. Neither the construction of the platform, nor the event in question was under the supervision of the State of Illinois. It had not invited claimant to its building, and she was there because of her activities in the American Red Cross. There was no question of the negligence of the State of Illinois.

The instant case presents a different factual situation. Both the event to which claimant was invited and the physical premises were under the control of respondent. Respondent specifically placed an invitation in the newspaper, and maintained control of the crowds, which appeared as a result thereof. There was nothing to warn of a dangerous stairway in the location where claimant was injured, and witnesses testified that they could not see the stairway because of the crowd of people. There is no question of claimant's being contributorily negligent, since it is clear that she was in due care for her safety, and was merely following directions given by the tour leader.

The Court must conclude that respondent was negligent in failing to have guard rails on the stairway, failing to mark the dangerous condition with appropriate signs, and failing to adequately supervise the tour.

The evidence revealed that claimant suffered fractures of the radius and ulna of the right arm. She had

a laceration of the scalp and right ear, which required twenty sutures in treatment. A closed reduction of the right colles was performed, and a circular plaster cast was applied. She was in the hospital for three days, and was then referred to a bone specialist for further care. Claimant was operated on by a specialist, and had a pin put through her thumb to hold the break in place. She was in a cast for six weeks. At the hearing claimant testified that, if she tries to turn her hand quickly, she is bothered, and there is some disfigurement. Dr. Frank P. Skaggs, who treated her, did not testify as to permanent disability.

Claimant is hereby awarded the sum of $2,600.00.