DOVE, J.

(No. 5277— 

PACIFIC INSURANCE COMPANY OF NEW YORK, AS SUBROGEE OF CPC, INC., AND CPC, INC., Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 18, 1971.*

EPTON, McCARTHY, BOHLING AND DRUTH, Attorneys for Claimants.

WILLIAM J. SCOTT, Attorney General; BRADLEY M. GLASS, Special Assistant Attorney General, for Respondent.

HOLDERMAN, J.

On February 18, 1966, Pacific Insurance Company of New York, as subrogee of CPC, Inc., and CPC, Inc., filed their verified complaint in this Court seeking a recovery in the amount of $5,799.53.

The record consists of the following:

1. Complaint
2. Transcript of evidence taken on October 19, 1966
3. Commissioner's Report
4. Stipulation
5. Joint motion of claimants and respondent for leave to waive the filing of briefs
6. Order of the Chief Justice denying the joint motion of claimants and respondent for leave to waive the filing of briefs
7. Motion of claimants for an extension of sixty days in which to file brief
8. Order of the Chief Justice granting the motion of claimants for an extension of sixty days in which to file brief
9. Brief of claimants
10. Motion of respondent for an extension of time to and including February 1, 1970, in which to file brief
11. Brief and argument of respondent
12. Reply brief of claimants
13. Order of the Chief Justice granting the motion of respondent for an extension of time to and including February 1, 1970, in which to file brief

The facts of the case appear to be that on March 2, 1964, Chicago Pool Car Company was the owner of a Diamond T Tractor and Strick Refrigeration Trailer combination, which was being driven by its agent or employee, Richard Farmer. He was proceeding in a westerly direction on and along North Avenue at or near the Lake Street overpass or viaduct at a speed of approximately 40 miles per hour. He was passing under said overpass when, at a point about 3 feet from its front, the trailer struck an electrical conduit attached to the underside of said overpass, and was thereby severely damaged.

Richard Farmer, claimant's driver, testified that the markings on his trailer read 13'6". He further stated that the trailer was loaded with approximately 70,000 pounds of material, which would lower the trailer by some two or three inches. He also stated that there was a sign on the viaduct stating that the clearance was 13'7", and that he was approaching said viaduct at a speed of approximately 40 miles per hour.

Another witness, Fred Willis, a police officer of the City of Northlake, testifying in an evidence deposition, stated that he investigated the accident in question. He described how the top of the trailer was ripped off, and stated that there appeared to be damage done to the conduit and the underside of the overpass. He also testified that there were two signs in this vicinity, one approximately fifty to one hundred feet east of the overpass, which read "Clearance 13'7"", and another on the overpass, which also read "Clearance 13'7"". He did not know whether this sign was on the overpass on the date of the accident. He further testified that sometime after the accident he observed men working to raise the overpass by means of piling and jacks.

It was stipulated by the parties hereto that the damage to claimant's trailer amounted to $5,799.53, and that of this amount the sum of $4,900.00 was paid by The Pacific Insurance Company of New York, who is also a claimant herein as subrogee of CPC, Inc.

It was further stipulated that CPC, Inc., has disposed of its license and business to another company, and is not presently available to prosecute its claim; and, that, therefore, the total amount in controversy is the sum of $4,900.00, which is the amount of the loss paid by claimant, Pacific Insurance Company of New York.

This is the second claim involving similar circumstances at this overpass. The other claims are *Lester R. Borum and Emmco Insurance Company* vs. *State of Illinois*, Court of Claims Case No. 5225, and *Great American*

*Insurance Company, A Corporation, et al.,* vs. *State of Illinois,* Court of Claims Case No. 5429.

It is rather interesting to note that there was no testimony by either respondent or claimant as to any measurements taken at or about the time of the accident showing the actual or true height of the overpass.

It is also interesting to note that Officer Willis testified that he had traveled this route two nights before his testimony was taken, and that the sign had been removed. He could see that the hangers which held the conduit had been damaged and one of them was broken off. Officer Willis further testified that he was present when workmen were using railroad ties and scaffolding to jack this overpass up with big hydraulics.

He further stated that he did not make any measurements when he arrived at the scene of the accident, but went strictly by the measurements stated on the trailer and the sign.

In order for the claimant to recover, he must prove three distinct elements, namely:

1. That he was in the exercise of due care and caution for his own safety.

2. That the State of Illinois was negligent, as charged in the complaint, and that the negligence of the State of Illinois was the proximate cause of the damage done to the truck.

3. That damages were sustained.

This Court has repeatedly held that the State does not insure against all accidents which may occur upon its sidewalks and streets.

In the case of *Neil Beenes* vs. *State of Illinois,* 21 C.C.R. 83, the Court stated:

"The rule adopted on liability of municipalities by our

courts is applicable to this situation. In the case of *Storen* vs. *City of Chicago*, 373 Ill. 530, the court, on page 534, held:

A municipal corporation is not bound to keep its streets and sidewalks absolutely safe for persons passing over any part of them, its duty being to exercise ordinary care. (*Brennan* vs. *City of Streator*, 256 Ill. 468; *Boender* vs. *City of Harvey*, 251 id. 228; *Kohlof* vs. *City of Chicago*, 192 id. 249.) Municipal corporations, not being insurers against accidents, are not liable for every accident occurring within their limits from defects in the streets, but the defects must be such as could have been foreseen and avoided by ordinary care and prudence on the part of the municipalities.

In the case of *Boender* vs. *City of Harvey*, 251 Ill. 228, the court, on page 231, held:

The obstructions or defects in the streets or sidewalks of a city, to make the corporation liable, must be of such a nature that they are in themselves dangerous, or such that a person exercising ordinary prudence cannot avoid danger or injury in passing them,——in general, such defects as cannot be readily detected.

As stated in *Thien* vs. *City of Belleville*, 331 Ill. App. 337, on page 345:

Municipal corporations are not insurers against accidents, and the only duty cast upon the city is that it shall maintain the respective portions of the street in a reasonably safe condition for the purposes to which such portions of the street are devoted. It is only bound to use reasonable care to keep its streets reasonably safe for ordinary travel thereon by persons using due care and caution for their safety. (*Molway* vs. *City of Chicago*, 239 Ill. 486; *Kohlof* vs. *City of Chicago*, 192 Ill. 249; *City of Salem* vs. *Webster*, 192 Ill. 369."

The first question of this case is whether or not the driver of claimant's vehicle was guilty of any contributory negligence. The only possible negligence, which he may have been guilty of, was the speed at which he was traveling, but there is nothing in the records to indicate that this speed was the cause of the accident, and it does appear that he was misled by the two signs in regard to the height of the viaduct.

It appears reasonable to assume that the State should have had knowledge of the condition, which existed at the viaduct, and that results such as this accident would naturally follow, as it was an error in the differential between the actual height of the viaduct and the figures stated on the signs.

The State did not offer any evidence of any kind or character to offset the evidence of claimant, particularly the evidence to the effect that on the same day of the accident the driver of the trailer in question had used the other lanes of this viaduct with the same type of trailer without any accident.

The facts as heretofore stated in this case are very similar to the *Borum* and the *Great American Insurance Company* cases in which awards were made, and we feel that those decisions are of considerable importance, and should be followed in this particular case.

An award is, therefore, made to claimant, Pacific Insurance Company of New York, as subrogee of CPC, Inc., in the amount of $4,900.00, said award representing the amount paid by the said insurance company under its insurance policy for damages to its insured's trailer.