(No. 5416-

CHARLOTTE PALECKI, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 18, 1971.*

WOLFBERG AND KROLL, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General, MORTON ZASLAVSKY and SAUL J. WEXLER, Assistant Attorneys General, for Respondent.

DOVE, J.

Claimant, Charlotte Palecki, brings this action to recover for injury to her person, which she sustained on October 13, 1966, in a fall on a public highway known as 87th Street near the corner of South Francisco Avenue in Evergreen Park, Illinois.

The facts are relatively undisputed, and are as follows:

On October 13, 1966, at about 5:15 p.m. claimant was walking south on Francisco Avenue on the east side thereof. At the point where Francisco Avenue intersects with 87th Street claimant crossed to the southwest corner of

Francisco Avenue and 87th Street for the purpose of boarding an eastbound 87th Street CTA bus to go to work at the Evergreen Plaza. While crossing 87th Street at its intersection with Francisco Avenue on her way to the bus stop on the southwest corner of said intersection, claimant stepped into a deep hole adjacent to a sewer cover on 87th Street. The hole was near the south crosswalk of 87th Street and to the west crosswalk of Francisco Avenue. Claimant testified that she did not see the hole before she stepped into it, as she had been watching the oncoming traffic and looking for the bus; that the hole in question was approximately four or five inches deep and about a foot and a half in diameter; and, that upon stepping into the hole she fell to the pavement injuring her left foot. Claimant further testified that she was able to go to the bus stop, approximately eight or ten feet away, where she boarded her bus, and went to work. While at work that night, she experienced great pain especially when she had to stand on her feet.

The next day claimant called Dr. Gregory N. Hernandez, and was told to meet him at The Little Company of Mary Hospital in Evergreen Park, Illinois, where x-rays were taken, and a boot-size cast was put on her left foot. She wore the cast for approximately six weeks, and used crutches and a walking chair to get about her home. Her injury was a complete fracture of the fifth metatarsal bone. The evidence indicates that the time claimant lost from work because of her injury amounted to approximately six weeks, totaling $195.00 in lost wages. Hospital bills amounted to $57.00, and doctor bills, including bills for physical therapy at the South Side Physical Medical Center, amounted to the sum of $167.00, for a total out-of-pocket expense of $399.00.

The testimony of Lillian Wise, called as a witness for claimant, was introduced into evidence by stipulation. Her

testimony was that the hole in the street in question existed to her knowledge for approximately six months before the accident.

This Court has held on numerous occasions that the State of Illinois is not an insurer of every accident that occurs upon its public highways. *Link* vs. *State of Illinois*, 24 C.C.R. 69; *Bloom* vs. *State of Illinois*, 22 C.C.R. 582. The law in the State of Illinois is clear that, in order for a claimant in a tort action to recover, she must prove that the State was negligent; that such negligence was the proximate cause of the injury; and, that claimant was in the exercise of due care and caution for her own safety. *Link* vs. *State of Illinois*, 24 C.C.R. 69; *McNary* vs. *State of Illinois*, 22 C.C.R. 328; *Bloom* vs. *State of Illinois*, 22 C.C.R. 582. The State has a duty to exercise ordinary care to maintain its highways in a reasonably safe condition for public travel. *Garrett, Et Al.*, vs. *State of Illinois*, 22 C.C.R. 343.

In *Di Orio, Et Al.*, vs. *State of Illinois*, 20 C.C.R. 53, this Court applied the same rules of law pertaining to notice in suits against the State involving defects in highways, as pertained to suits against municipalities involving injuries caused by defective sidewalks. In this respect the law in Illinois is clear. Before a municipality can be held liable for injuries, it is necessary that there be evidence showing that the city had actual or constructive notice of the alleged unsafe condition. The unrebutted testimony of Lillian Wise, a witness for claimant, was that the hole in question existed to her knowledge for approximately six months before the accident.

This Court has held that there cannot be any hard or fast rule in determining when it can be said that the State had "constructive notice" of a dangerous condition, and each case must be decided on its own particular facts. *Visco* vs. *State of Illinois*, 21 C.C.R. 480.

It is the opinion of this Court that the hole in question existed for a sufficient length of time so that the State of Illinois can be held to have had constructive, if not actual, notice of the defect.

From the evidence, it is apparent that the State did not post any warning signs nor make repairs for a period of at least six months. This leads the Court to the conclusion that the State did not use reasonable care to maintain its highways, and that it was negligent in allowing said hole to remain for so long a period of time. It is the further opinion of this Court that such negligence was the proximate cause of the injuries suffered by claimant. Contrary to the contention of respondent, this Court finds no evidence in the record that claimant was guilty of contributory negligence. An award is, therefore, made to the claimant, Charlotte Palecki, in the amount of $1,500.00.