(No. 5199-

Elaine A. Metzler, individually and as Administratrix of the Estate of Marvin Metzler, Deceased, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 11, 1971.*

Philip E. Howard, Attorney for Claimant.

William G. Clark, Attorney General; Morton L. Zaslavsky, Assistant Attorney General, for Respondent.

Perlin, C.J.

Claimant Elaine Metzler seeks recovery of the sum of $25,000 as a result of the death of her husband, Marvin Metzler, who was killed on April 13, 1964, when a tree situated next to U.S. Highway 14 (Northwest Highway) fell upon the cab of the truck driven by decedent.

The parties have stipulated that claimant's decedent, Marvin Metzler, was killed as a result of the accident and that the trees and the land upon which they were situated were owned and controlled by respondent.

Claimant presented several witnesses who testified as follows:

Lt. Irvin McDougall, a police officer of the Village of

Arlington Heights, testified that he investigated the accident on Northwest Highway on the morning of the date in question. He found a large tree lying across the Highway completely blocking the street and a Readi-Mix truck about 222 feet west of the tree on the south side of the highway. A part of the base of the tree was in the ground and part of the base was out. The base was about 4 feet from the edge of the highway. The cab of the truck was smashed even with the top of the hood of the truck and there was a dent on the top part of the truck. The driver of the truck was flat on the seat of the truck and had no movement. The witness examined the tree involved in the occurrence and saw that it was hollow from the base upward, with decayed matter at the bottom. There were several other trees in the immediate area at that time. There was a heavy wind in the area at the time of the occurrence.

Manley Johnson testified that he was driving a vehicle in a southeasterly direction on Northwest Highway as the tree fell on the truck. The witness saw the truck coming toward him in a northwesterly direction and noticed that it was in the proper lane for northwest traffic and was traveling at a rate less than the speed limit. The witness examined the tree after it fell and observed the trunk of the tree and the base of the tree were decomposed and rotten.

Paul Dolinajec, Jr., testified that he lived at the site of the accident for 43 years. Prior to April 13, 1964, he noticed that there were little openings in the base of the tree which were visible from the exterior; that bark was missing towards the base of the tree; that the top branches were dying and that in his opinion, the tree was turning rotten. There were three other trees in the area which were in very bad shape, in the opinion of the witness.

Respondent introduced no witnesses or other evidence during the course of the hearing, but filed a Departmental Report with its brief.

Claimant cites the following cases in support of her claim against respondent: In *Dreier* vs. *State*, 21 C.C.R. 72, claimants recovered when a large limb from a tree fell on their car during a rain storm. It was established that the dangerous condition had existed for a length of time, although it was not clear that the State had actual notice of the defect. The Court quoted from the case of *Renle* vs. *City of Chicago*, 268 Ill. App. 266, which held that a city had the duty to remove any trees which become rotten or decayed in case the trees became a menace to pedestrians.

The Court in *Dreier* further stated, (p. 75):

"The position of the tree, and the enormous size of the limb overhanging the highway warranted a duty on the State to remove the same, if it were defective. That the State had knowledge is in conflict; that it had constructive knowledge seems borne out by the evidence, and required the State to exercise a duty to remove this dangerous obstacle; and from this record, its failure to do so constituted negligence."

In *Kenney* vs. *State*, 22 C.C.R. 247, a tree limb fell on the decedent while he was on the State Fairgrounds, and killed him. The question arose as to whether respondent had actual or constructive notice of the defective condition of the tree. The Court held for the claimants, applying the doctrine of "res ipsa loquitur" as follows: (pp. 256, 257, 258)

"The respondent has not offered any evidence, or explained why the limb fell, other than that it did not know the tree was in a dangerous and hazardous condition until after the accident. We are of the opinion that, from the testimony, the disease in the tree could have been determined had a proper inspection been made by respondent's agents. It was respondent's duty to make such an inspection in order to safeguard the patrons at the Fair, which fact was later recognized, as the diseased condition in other trees surrounding the tree in question evidently was apparent to respondent's agents after the accident. . . ."

"Under the maxim 'res ipsa loquitur,' our courts have announced many times that where a thing, which has caused injury, is shown to be under the management of the party charged with negligence, an accident is such as in the ordinary course of things does not happen, if the management uses proper care. The accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care."

It is clear that the foregoing standards apply directly to

the instant case. Respondent presented no evidence which tended to show that it exercised proper care, although claimant established that respondent knew or should have known about the defective tree.

Other evidence introduced by claimant established that the decedent was 35 years old at the time of his death; that he left surviving, his wife, Elaine Metzler, 39, and two children, ages 6 and 9; that he had been employed by the Edwin H. Mayer Construction Company for about thirteen years and had been so employed at the time of his death; and that his earnings in the years immediately preceding his death were as follows: 1961, $7,246.80; 1962, $8,548.70; 1963, $8,724.15. His family was completely dependent upon the decedent for its support. The United States Department of Health, Education and Welfare Life Tables indicated that the life expectancy of a white male of the age of 35 years is 36.3 years, and that the life expectancy of a white female of 41 years is 36.4 years.

Claimant is hereby awarded the sum of $25,000.