(No. 74—CC—0858—

Hugh McKee, III, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed July 18, 1978*

*Rehearing denied November 7, 1975.*

*Motion to vacate denied January 16, 1980.*

Peter A. Loutos, for Claimant.

William A. Scott, Attorney General (Paul M. Sengpiehl, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

The Claimant, Hugh McKee, III, seeks recovery of $15,000 in damages for personal injuries and damage to his personal property when the motorcycle upon which he was riding struck a hole in the highway on Cicero Avenue near the Midlothian Turnpike located in the Village of Crestwood, Illinois.

At a hearing before a Commissioner of this Court, the Claimant testified that at approximately 8:00 p.m. on June 13, 1973, he was driving his motorcycle in a northerly direction upon Cicero Avenue which is a State highway. He was proceeding at 45 m.p.h. in an area where the posted speed limit was 45 m.p.h. As he approached the area in question, he noticed a dark patch on the highway in front of him. He was proceeding in the lane closest to the center line, and was on the left side of his lane. Because of oncoming traffic he was unable to swerve to avoid the dark patch on the highway. As he approached, he saw that the dark patch dipped down into a hole about two feet wide and ten inches deep. He tried to slow down but struck the depression in the roadway. The front end of the motorcycle snapped off from the impact and Claimant fell off the motorcycle and slid on his back and then on his hands and stomach, causing burns and abrasions of the left hand and left upper forearm and right upper forearm.

A State Trooper arrived at the scene and asked the Claimant if he was all right. The Claimant indicated he was not "in too bad shape." Crestwood Police Department was notified and after an officer arrived at the scene took the Claimant to the Crestwood Police Station. The Claimant was taken back to the scene where he collected his personal belongings. He was then taken to St. Francis Hospital where he was treated in the emer-

gency room. The Claimant stated that the accident caused him to incur the following losses or expenses:

| | |
|---|---|
| St. Francis Hospital | $ 81.60 |
| Dr. Glenn W. Gutzett | 20.00 |
| Loss of Income for 16 Days | 512.00 |
| Property Damage to Motorcycle | 489.25 |
| | $1,102.85 |

Claimant called Officer Carrol A. Ray of the Crestwood Police Department. Officer Ray testified that on June 13, 1973, he travelled that section of Cicero Avenue over ten times prior to the accident. He noticed a depressed area where the accident occurred which area got worse during the day but not sufficiently bad to convince him to report the situation to the State Highway Department. The area, according to the officer, was often under repair. There had been work done in that area of the highway almost yearly. About one year previous to the accident there had been a sewer line placed under the highway.

The officer further testified that at the time of the accident there were no barricades or warning signals of any kind warning of the danger of the depressed area.

The State called Joan Dwyer, Village Clerk for the Village of Crestwood, who laid the foundation for the introduction into evidence of a State of Illinois permit and plans dated May 4, 1972, that permitted the Village of Crestwood to install a sewer line under Cicero Avenue at the Midlothian Turnpike, and a contract between the Village and a contractor for the sewer pipe installation. The project was started in late summer of 1972 and completed within a year thereafter. She testified that the State is always patching the street in that area.

The State called, as an expert witness, Joseph J. Kostur, Jr., District Safety and Claims Manager for Dis-

trict One of the Department of Transportation. He testified that there is a difference between a depression in a highway caused by an improper augering process and a pothole.

According to Mr. Kostur, augering is a method of placing a concrete or steel casing under a pavement without disrupting the flow of traffic on the pavement, and then later a sewer pipe can be installed through the casing. If an augering process is done improperly, there may be a void created under the pavement which could cause a cave-in either at the time of the augering or some time later. A pothole requires three or four months to develop. In his opinion, the depression of the type which caused the accident to Claimant was the result of improper augering.

The State contends that it is not liable because there was no negligence on its part and further that the Claimant was contributorily negligent. It is well settled that the State is not an insurer against accidents that may occur by reason of the condition of a State highway. *Bloom v. State* (1957), 22 Ill. Ct. Cl. 582, 584.

However, the State does have the duty to exercise reasonable care in the maintenance and care of its highways so that dangerous conditions likely to injure persons lawfully on the highway shall not exist. *Metzler v. State* (1971), 27 Ill. Ct. Cl. 207, 209; *Pacific Ins. Co. of New York v. State* (1971), 27 Ill. Ct. Cl. 91, 94.

In order for a Claimant to recover damages arising out of a defect in the roadway, the defect must be substantial enough and it must exist for such a length of time that reasonable persons would conclude that immediate repairs should be made or in the alternative that warning signs be posted. *Stege v. State* (1971), 27 Ill. Ct. Cl. 399, 400. Thus in order to recover the Claimant must show that the State had actual or constructive notice of the

defect that caused the injury. *Weygandt v. State* 22 Ill. Ct. Cl. 478, 485.

The testimony of Officer Ray did not establish notice on the part of the State. He traveled the road many times that day, prior to the accident, and apparently did not see anything that required a report to be made to the State.

However, the State's witnesses did establish notice. The State continually, for years, had trouble with that stretch of roadway, requiring repeated repairs. And most important, it allowed an apparent improper augering under its highway by the contractor employed by the Village of Crestwood. The State, having the obligation of maintaining the highway, likewise had the obligation and duty to see to it that those tunneling under its highway, under State permit, performed their job in a way that would not create a dangerous condition on the State highway. The State should have known, by proper inspections during the course of the installation of the sewer, that the installation was done in a manner which might cause a sudden cave-in of the pavement.

As to constructive notice of highway defects each case must be decided on its own facts. *Palecki v. State* (1971), 27 Ill. Ct. Cl. 108, 110.

In the instant case, we find that the State had constructive notice of the dangerous condition on its highway and failed to remedy the defect or to warn motorists of its presence by posting warning signs.

This failure to properly repair and failure to properly warn motorists constitutes negligence on the part of the State.

The State next contends that Claimant was guilty of contributory negligence in that Claimant was wearing

sunglasses at the time of the accident and this fact combined with his speed of 45 m.p.h., caused him to be unable to perceive the hole in the dark patch of the highway.

The facts, however, show that it was not yet dark at 8 p.m., when the accident occurred. The only evidence of the lighting conditions was the testimony of the Claimant who testified as follows:

"Q. Are there any street lights in that area?
A. No, it was just dusk. It wasn't very dark."

In view of the setting of the sun at or near that hour and the possibility that the sunset would interfere with driver vision, it cannot be held to be contributory negligence to wear sunglasses without a showing by the State that it was actually dark at the time of the accident.

The State further contends that the Claimant has failed to exhaust his legal remedies as provided by section 25 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.24—5) by failing to make a claim against the Village of Crestwood and its sewer contractor. However, information as to fact of possible liability of the Village of Crestwood and its contractor was within the knowledge of the State and not in the hands of the Claimant. There is nothing in the record to indicate that the State conveyed this information to the Claimant until the actual hearing of the case which was held more than two years after the accident, thus precluding Claimant from asserting such a claim against the Village and its contractor. The State's contentions in this regard are without merit.

The State next contends that the wage loss was not adequately proven. In view of the fact that the State stipulated as to the admission into evidence of Claimant's Exhibit #5 which was a letter by his employer asserting

his lost wages of 16 days in the amount of $512.00, we find that the Claimant has proven this contention by a preponderance of the evidence.

The Claimant is entitled to an award of $2,000.00 for his personal injuries caused by the negligence of the State and an award of $489.25 for damage to his motorcycle.

Claimant is awarded the sum of $2,489.25.