(No. 80-CC-2082–)

ANDERSON S. NURSE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 10, 1982.*
*Order on rehearing filed July 29, 1982.*

ANDERSON D. NURSE, *pro se,* for Claimant.

TYRONE C. FAHNER, Attorney General (PAUL SENG-PIEHL, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is an action for damages done to Claimant's automobile when a mower being operated by an employee of the State allegedly threw a stone and broke the rear window in Claimant's car. It was stipulated on the record that the repair bill was $136.62, and that Claimant paid the bill without insurance reimbursement.

The facts are summarized in a memorandum dated May 2, 1980, from John R. Platt, superintendent Illinois Youth Center Valley View, to William O. Gillespie, assistant director of the Department of Corrections, made part of the departmental report filed in the cause:

"Our employee Mr. Anderson Nurse, Youth Supervisor II, had parked his car in the front parking lot on May 1, 1980. His rear window was shattered by a rock. Mr. Scott had been mowing with the tractor behind his car and apparently caused a rock to be thrown through the rear window. There were no wit-

nesses. It does appear, however, that the explanation for the resulting damage is plausible. No individuals other than Mr. Scott or the tractor were present."

Our claims committee, pursuant to former Director Rowe's memo of April 12, 1979, recommends that Mr. Nurse's claim be processed having established that 1) He has no comprehensive insurance coverage and 2) he incurred the expense of replacing the window ($136.62) and 3) in the opinion of the committee the window was broken accidentally by a rock thrown by the institution tractor which was engaged in mowing behind Mr. Nurse's car.

I concur with the finding and recommendation of the committee."

Also in the departmental report is a statement from the tractor operator:

"At approximately 9:00 a.m. after having just finished mowing the area from the gate house to the end of the front parking lot, I was approached by Mr. Nurse who asked me if I knew anything regarding his broken rear window. I told him no, and that I was not aware of it until he asked me about it at this time. He then asked me if the mower could have thrown a rock, and I stated that it is possible, and if that was what happened, I did not hear anything at the time due to the engine and mower noise from the tractor, nor did I notice same, for as previously stated, I was not made aware of the situation until Mr. Nurse asked me about it."

In the opinion of the Court, based on the departmental report and Claimant's testimony, Claimant has made a *prima facie* case by acceptable circumstantial evidence that the rock which smashed the window of his car was in fact thrown by Respondent's lawn mower.

Further, in the opinion of the Court, the doctrine of *res ipsa loquitur* is applicable herein, so that it can be said that Claimant has also made a *prima facie* case of negligence against Respondent.

Hunter, in his *Trial Handbook for Lawyers*, fourth edition, states as follows:

"When a thing which caused the injury is shown to be under the control or management of the party charged with negligence and the occurrence is such as in the ordinary course of things would not have happened if the person so charged had used proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the party charged, that it arose from want of proper care. *Metz v. Central Electric & Gas Co.*, 32 Ill. 2d 446, 207 N.E. 2d 305 (1965).

The purpose of the *res ipsa loquitur* doctrine is to allow proof of negli-

gence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant . . ." Hunter, *Trial Handbook for Lawyers,* fourth edition, 449.

*Res ispa loquitur* is frequently used when damage or injury results from the operation of machinery.

Respondent offered no evidence that the rock was not thrown by the lawn mower and offered no evidence of freedom from negligence.

It is hereby ordered that Claimant be and hereby is awarded the sum of $136.62.

## ORDER ON REHEARING

ROE, C.J.

This cause coming on to be heard on the motion by the Respondent for rehearing, it appearing that due notice has been given, and the Court being fully advised in the premises;

This is an action for property damage done to the Claimant's automobile allegedly caused by a lawn mower operated by an employee of the Respondent throwing a rock through the windshield. We found that the Claimant presented a case by acceptable circumstantial evidence that the rock was thrown by the lawn mower and granted an award. We also found that Claimant was entitled to an award on the theory of *res ipsa loquitur.*

Upon reconsideration and review of the record we find that the Claimant failed to prove his case by the preponderance of the evidence. There is no evidence other than speculation as to what caused the windshield to be broken. Nobody saw or heard it happen. Therefore, we do not find that the Respondent was negligent. Moreover, there was no showing that whatever caused the breakage was an instrumentality under the control and management of the Respondent. Therefore the doctrine of *res ipsa loquitur* does not apply.

Wherefore, upon reconsideration, it is hereby ordered that this claim be, and hereby is, denied.