(No. 79-CC-0756— )

HORACE BROWN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 26, 1983.*

OWEN, ROBERTS, SUSLER & MURPHY, P.C. (LESLIE L. VEON, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

The Claimant, Horace Brown, seeks recovery of $3,856.00 in damages for personal injuries sustained on December 24, 1978, when he fell down stairs which were covered with ice at the State's youth center in St. Charles, Illinois.

Claimant contends that the State of Illinois was negligent in failing to remove the ice from the steps utilized by visitors to the youth center, and that the State was negligent in failing to warn the Claimant of the

unreasonably dangerous condition of the steps. The Respondent maintains that the Claimant has failed to show that he was free from contributory negligence and regardless thereof, that the State has no duty of liability for injuries sustained as a result of the presence of naturally accumulated snow and ice.

The facts, as adduced by testimony and stipulation, are not complicated nor are they contradicted. On December 24, 1978, the Claimant and his wife visited their son at the youth center in St. Charles, Illinois, the visit occurring at their son's residence, Jackson Cottage. When visiting hours were over, a youth center guard directed the visitors, including the Claimant, to leave through the back door of the cottage. The back porch of Jackson Cottage was apparently clear of ice and snow, but the steps from the porch were covered with ice. While descending the steps, Claimant slipped on the ice, fell down several steps, and as a result, sustained personal injuries. It also appears that immediately preceding his fall, both Claimant and the youth center guard witnessed two women visitors slip on the same steps.

The State does not deny that the Claimant, as a visitor to the Illinois youth home, enjoys the status of an invitee.

In the case of *Levy v. State of Illinois* (1958), 22 Ill. Ct. Cl. 694, 696, this Court held:

"The fact that the State institutions have visitors' days, and encourage visits with patients, would indicate that Claimant was more than a 'licensee' and should be treated as an 'invitee'."

It is well established that an invitee imposes upon the owner of property the duty to use reasonable care and caution in keeping the premises reasonably safe for use by the invitee. The Illinois Supreme Court perhaps best described the difference between the duty owed

an invitee and the duty owed a licensee in *Ellguth v. Blackstone Hotel, Inc.* (1951), 408 Ill. 343, 347, as follows:

"The materiality of the question of whether plaintiff was an invitee or licensee arises from the fact that a heavier duty of care is placed upon an owner of premises toward an invitee than toward a licensee or trespasser. Toward an invitee the owner of premises must use reasonable care and caution in keeping the premises reasonably safe for use by such invitee; while toward a licensee no duty is owed by such owner, except not to wantonly and wilfully injure him."

Recognizing then that Claimant was an invitee to the youth center, the first question to be resolved is whether the State was negligent in failing to remove the ice from the steps of this State-owned building.

We do not believe the State was negligent. In fact, we believe the law is fairly well settled that the State had no duty to clear the natural accumulation of ice and snow from its premises. The Illinois Appellate Court, in *Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1004, 365 N.E.2d 80, stated:

"(A) landlord incurs no liability for injuries . . . caused by the natural accumulation of ice and snow on his property."

In *Demario v. Sears Roebuck and Co.* (1972), 6 Ill. App. 3d 46, 50, the court said:

"In a 'slip and fall' case, there must be an affirmative showing by plaintiff of an unnatural accumulation of snow or an aggravation of a natural condition by defendant before plaintiff will be allowed to recover."

Here there has been no showing that the accumulation of ice resulted from anything but natural conditions. Since the testimony at the hearing was clear that there had been no attempt to remove the ice or snow from Jackson Cottage, it cannot be said that the State in any way aggravated the natural condition.

Further, the testimony of a State employee, which stands uncontradicted, was that there was an ice storm the day of the accident. There was quite clearly no time

in which the State could have commenced snow removal procedures. In that respect, we believe the authority relied upon by Claimant is distinguishable. Claimant cites *White v. State of Illinois* (1969), 26 Ill. Ct. Cl. 431, in which the facts are substantially similar to the instant case. In *White*, the Claimant, while a visitor (invitee) to the Illinois State Training School for Boys, slipped and fell on an icy sidewalk on the grounds of the school. There, as here, the State had made no attempt to remove the ice and snow from the sidewalk in question. This Court stated in part at page 437:

" ° ° ° Respondent submitted that it had no time to do this (remove the snow). However, the weather reports showed that six days had passed since the precipitation had fallen.

It is not reasonable for the State of Illinois to invite visitors, and provide as the only access route a long sidewalk covered with ice and snow. The risk of injury was clearly foreseeable. It would appear that six days was enough time to clear the walk, since other walks on the premises were in fact cleared. Respondent was negligent in its failure to use ordinary care towards its invitees."

In *White*, we simply found that six days from the last snowfall to the commencement of snow removal was an unreasonable length of time, so much so that the risk of injury to a visitor was foreseeable and that the State, therefore, had not met its burden of keeping the premises reasonably safe for use by an invitee. In the instant case, with the testimony being clear that an ice storm had occurred that very day, we find no such unreasonableness.

The last question to be resolved is whether the State was negligent in failing to warn the Claimant of the dangerous condition of the Jackson Cottage steps. The case of *Prater v. Veach* (1962), 35 Ill. App. 2d 61, 64, 181 N.E.2d 739, 741, while not specifically concerned with ice and snow, sets forth the following guide for the duty owed by the owner of land to an invitee:

"The owner of land is subject to liability for bodily harm or wrongful death to invitees resulting from natural or artificial conditions only if he knows of the condition and realizes that it involves an unreasonable risk to invitees, or permits them to remain on the land without exercising reasonable care to make the condition reasonably safe, or to warn invitees of the condition and the risk involved therein."

The Claimant relies on *Kelly v. State of Illinois* (1969), 26 Ill. Ct. Cl. 426, wherein the Claimant was a visitor (invitee) to an open house at a State-operated children's center where she participated in a tour conducted by an employee of the center. As a participant in the tour, she was directed through a door onto an open stairway where she fell. The evidence in *Kelly* indicates that there was no guardrail on that open stairway. We found that the State was negligent in failing to have guardrails on the stairway and in failing to warn the Claimant of that condition. In our judgment, *Kelly* is also distinguishable because there was no question that the State had knowledge of a pre-existing (no guardrails) dangerous condition. In the instant case, however, the facts are clear that the State employee who directed the Claimant to exit Jackson Cottage through the back door obtained knowledge of the icy condition of the steps moments prior to if not at the same time as Claimant. The facts indicate that Claimant himself witnessed two women immediately preceding him slip on the very stairs. The State cannot be said to have breached its duty of care owed to the Claimant by failing to warn Claimant of a condition he was as aware of as the State itself. As Respondent pointed out in its brief, in the case of *Batson v. Western Union Telegraph Co.*, 75 F.2d 154:

"It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured, that a recovery is permitted. And hence there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant."

And as we said in *Weygandt v. State of Illinois* (1957), 22 Ill. Ct. Cl. 478:

"Claimant is required to exercise a degree of care commensurate with the circumstances and will not be heard to say that she did not see what she must have seen if she properly exercised her faculty of sight."

To recover on his claim, Claimant bears the burden of establishing by a preponderance of the evidence that Respondent breached its duty of reasonable care; that Claimant was free of contributory negligence; and that the negligence of Respondent proximately caused his injury.

This Court finds that Claimant has failed to establish that the Respondent was negligent in not removing the ice or in failing to warn the Claimant of the existence of the ice.