(No. 81-CC-1365—

DEBORAH LONG, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 27, 1986.*

*Order on denial of rehearing filed October 20, 1987.*

GOLDENHERSH & GOLDENHERSH, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES C. MAJORS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This claim arises from an accident which occurred on May 27, 1979, at the Illinois State Minimum Security Correctional Center near Vienna, Illinois. Paul Long, husband of the Claimant, Deborah Long, was a resident at the Center at the time of the accident. On May 27th, Claimant, while visiting her husband, fell on her low back when a bench on which she was sitting collapsed. Claimant alleges the injuries she suffered were caused by the negligence of agents of the State of Illinois.

Claimant met her husband for a regular visit on the day in question. After having lunch and visiting inside, Claimant and her husband went to the visitors' patio. On the patio were several round tables with benches attached by metal legs and supports. As the Claimant sat

on one of the benches, the bench support fell away from the table and collapsed, thereby causing Claimant to fall backwards onto the concrete patio surface. Claimant suffered a sprain of her right forearm, and a chip-type fracture of the fifth lumbar vertebra. She was hospitalized from May 27 to June 3, 1979, under the care of Dr. Derl Warren, a general practitioner in Eldorado, Illinois. She was treated conservatively and released from Dr. Warren's care at the time of her hospital discharge.

An examination of the table and bench after the accident revealed that two nuts, bolts, and washers holding the leg to the table were missing. These items could not be found. It was impossible to determine during the investigation whether they had been removed by someone or had simply worked loose.

The patio area and the tables and benches were generally maintained by maintenance employees of the State, or by Correctional Center inmates under the supervision of the State maintenance employees. No one had reported any maintenance or repair problems with the tables or benches prior to the accident. Phillip Huff, a security officer for the Illinois Department of Corrections, investigated the accident and testified that in his observation the bolts holding the bench to the table could not work loose except over an extended period of time.

As a visitor to the Correctional Center, Claimant's legal status on the State's premises was that of an invitee. (*Brown v. State* (1983), 35 Ill. Ct. Cl. 696; *Levy v. State* (1958), 22 Ill. Ct. Cl. 694.) The State therefore owed to the Claimant the duty to use reasonable care and caution in keeping the premises reasonably safe for use by the Claimant, including the duty to exercise reasonable care to discover defects or dangerous conditions existing

upon the premises. (*Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865.) It is not necessary to prove the State had actual knowledge of the dangerous condition, but the Claimant must prove that the State, by exercising reasonable care, could have discovered the dangerous condition.

Major Huff testified that it would not be possible to notice the missing bolts and nuts without actually inspecting under the bench or the table. There was no regular maintenance schedule. The tables were repaired only if someone reported maintenance was needed. The inmates cleaned the tables and benches as necessary. No evidence was presented by either party as to when the tables and benches in question were last cleaned before the accident, or when the bench was last used.

We believe that it is unlikely that the two bolts and nuts simply worked loose over time, particularly in light of the fact that they could not be found after the accident. If the bench had been loose long enough to allow the bolts and nuts to be lost, it would have fallen long before this Claimant sat upon it. It is more reasonable to conclude that the bolts and nuts were removed intentionally by someone in the patio area prior to the Claimant sitting on the bench. There was no evidence to show how long the condition had existed prior to its discovery on May 27th. In fact, there was no evidence as to how long the patio area had been open to visitors on May 27th before this accident occurred. For all the foregoing reasons, we find that the Claimant has failed to prove the State liable under this theory of negligence.

Claimant also argued that the State was liable under the theory of *res ipsa loquitur*. This theory allows an inference of negligence to be drawn from circumstantial

evidence. To recover under *res ipsa loquitur*, the Claimant must prove that she was injured in an occurrence that would not have occurred in the absence of negligence, by an instrumentality or agency under the management or control of the State, and under circumstances indicating the injury was not due to any voluntary act or neglect on the part of the Claimant. (*Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 443 N.E.2d 569; *Nurse v. State* (1982), 35 Ill. Ct. Cl. 759.) We think that the Claimant has failed to prove that this occurrence would not have occurred in the absence of negligence on the part of the Respondent. The accident would have occurred, and probably did occur, as a result of malicious removal of the bolts and nuts from the bench. The State is not liable for intentional torts committed by its inmates. *Holda v. Kane County* (1980), 88 Ill. App. 3d 522, 410 N.E.2d 552.

We therefore find for the Respondent.

## ORDER ON DENIAL OF REHEARING

PATCHETT, J.

This cause comes on for hearing upon the motion for rehearing filed herein by Claimant; and the Court, having considered the motion and the Respondent's response to said motion, finds as follows:

It is ordered that the motion for rehearing be and hereby is denied.