(No. 86-CC-2302

WALTER STEWART, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 23, 1994.*

HARRIS & BERLIN, for Claimant.

ROLAND W. BURRIS, Attorney General (SANDRA CASTILLO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

Claimant, Walter Stewart, is an inmate in custody of the Illinois Department of Corrections. Mr. Stewart has pled guilty to a charge of murder and had been sentenced to death.

On March 2, 1984, Mr. Stewart was incarcerated at Menard Correctional Center. At about 1:30 p.m., he was in the recreation yard with two other death-row inmates. Mr. Stewart was attacked. During the attack, he blacked out. When he regained consciousness, he was inside a building, lying on the floor with correctional staff and medical staff around him. He does not remember being stabbed.

He was transported to the Chester Memorial emergency room with a neck wound to suture. He was returned to Menard within two hours. Mr. Stewart was in the prison hospital from March 2, 1984, to March 6, 1984. He was then returned to death row. He was provided with bandages and gauze to change the dressing. After three weeks, his stitches were removed.

The evidence showed that the Claimant sustained a superficial wound that went through the skin. The wound healed well. It did not involve any major muscle structure, and the only physical deficit remaining from the injury is a scar.

Mr. Stewart has a well-healed scar on the left side of his neck. The scar is V-shaped with the apices of the V projecting anteriorly. The upper limb measures approximately 2½ inches, while the lower limb measures approximately 2 inches. The scar involves the skin and subcutaneous tissue. The scar is supple; it can slide over the deeper structures of the neck, *i.e.*, it is not attached to the

deep structures. There is no evidence of keloid formation.

This Claimant was attacked by a fellow inmate. The State is not normally held liable for intentional torts committed by its inmates. (*Long v. State* (1986), 40 Ill. Ct. Cl. 39.) However, the State consistently refused to answer discovery in this case. This case was originally filed in 1986. On April 20, 1990, this court entered an order which stated, in relevant part, as follows:

"[w]ith respect to claimant's renewed motion to require compliance with discovery requests and orders and for sanctions, respondent is ordered to comply with or object to all outstanding discovery requests within forty-five (45) days of the date of this order. This is the third such order this Court has entered on this subject. If respondent does not comply with this order, the Court will consider claimant's request for a default judgment."

Despite the fact that this Court entered such an order, the State did not respond. Therefore, on December 7, 1990, this Court entered an order granting judgment on the issue of liability to the Claimant as a sanction for consistent failure to respond to the discovery requests.

Because of the order of December 7, 1990, the trial held before a commissioner of this Court was only on the issue of damages. Although Mr. Stewart claimed substantial physical and emotional damages as a result of the attack, he has failed to prove it. There was no major muscle or nerve damage. There is nothing in the record to support Mr. Stewart's claim for substantial damages. As this court stated in *In re Application of Lopez* (1987), 39 Ill. Ct. Cl. 315: "[D]amages may not be awarded on the basis of conjecture or speculation."

However, Mr. Stewart's testimony clearly showed that he did have pain and suffering and permanent scarring. However, since Mr. Stewart spent only two hours at the emergency room and his sutures were removed in

109

three weeks, we can conclude that the pain and suffering was not extreme.

For the reasons stated above, we award the Claimant two thousand five hundred dollars ($2,500).