(No. 4204—

DOMINIC DI ORIO, ET AL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

CIRESE AND CIRESE, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The facts in this case show that Dominic Di Orio was the owner of a 1946 Chrysler automobile, and that on June 14, 1948 he, together with his wife, Dorothy Di Orio, and his wife's brother, a minor of the age of 4 years, were riding in said automobile at about 11:30 A.M. in the morning, and driving east on Grand Avenue. The claimant, Dominic Di Orio, was driving. Dorothy, his wife, was sitting in the front seat beside him, and her young brother was on her lap. The testimony showed that Dominic Di Orio came down a small hill, and saw a hole in the road when he was about 10 or 12 feet from it; that he was driving about 30 miles an hour, was unable to miss the hole, struck it, and turned his car over into a ditch.

The evidence showed that medical treatments were necessary, and, Dominic Di Orio, together with his wife, Dorothy, sustained loss of time from work as a result of injuries received in the accident.

At the place where the accident occurred, the high-

way had been designated as Illinois Federal Secondary Proj. No. S-167 (1) Section 35, located in DuPage County, Illinois. This road was originally constructed in cooperation with the Federal Government, and turned over to DuPage County to maintain. Because of the determination of the Court hereinafter set forth, it will not be necessary to discuss whether the State or the County would be liable to maintain this road. The Court feels that in order to hold the State for any liability for defects in roads that there must be competent evidence in the record to show that the State had either actual notice, or constructive notice of a defect in the road, and negligently failed to take steps to protect the traveling public.

It would establish a dangerous precedent for this Court to hold that the State would be liable for all defects on a highway, which it was under a duty to maintain. There is no evidence in this record of the nature of the hole, its size, how long it had been there, how it had been created, or of any notice to the State of its existence, either actual or constructive. There is, therefore, nothing in the record to show that the respondent was guilty of any negligence. To hold that the State would be liable without notice, actual or constructive, would be making the State an insurer.

This Court, by prior decision, is committed to the rule that the evidence must show that the State had actual or constructive notice of the defect, and negligently failed to take precaution to protect the traveling public. (*Dockery* v. *State*, 18 C.C.R. 177.)

For the reasons assigned, claim is denied.