(No. 4388- 

N. B. COUCHOT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1952.*

BARASA AND BARASA, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

Schuman, C. J.

The claim in this case arises out of alleged damages to an automobile owned by claimant, N. B. Couchot. It is based on the negligence of the State in the maintenance of manhole covers located in a State highway.

It is conceded that the State maintained alternate Route No. 30 (Roosevelt Road) in DuPage County, Illinois.

Alternate Route No. 30 beginning at its intersection with Route No. 53 extends east on a down grade. At this point in the road, the road is referred to as Bakers Hill. On Bakers Hill are located six manholes used in the drainage of the road. The manholes are of a standard type with a metal lid flush with the road surface, and are located in a travel part of the highway.

The evidence, without dispute, shows that the manhole cover fitted loosely in the socket, and tilted when it was run over by a car wheel.

On November 21, 1949, at about 8:30 P.M., the claimant, N. B. Couchot, accompanied by his wife, was driving in a 1948 Chrysler Sedan, which belonged to claimant, at about 40 to 45 miles per hour in an easterly direction in the outer east-bound lane of Roosevelt Road down what was called Bakers Hill, about 1 mile east of Glen Ellyn, DuPage County, Illinois. As said claimant was driving his automobile over one of the manhole covers, it tilted, and, as a result, the right rear tire, tube, wheel, rear spring and fender of the automobile were damaged, and, as shown by the repair bill admitted in evidence, claimant sustained damages in the amount of $57.70, $7.70 of which was paid by the All State Insurance Company, because of the fact that the claimant had a deductible insurance policy of $50.00. Apparently there is no claim made on behalf of the Insur-

ance Company for the $7.70, leaving a balance due claimant for the repairs on his automobile in the sum of $50.00.

It was dark when the accident happened, the pavement was dry, and the traffic was light. Claimant's car was burning the regular driving light with a visibility of about 25 feet or more ahead.

Subsequent to the accident, the manhole cover in question was placed in the manhole collar, and molten asphalt poured around the lid to make it solid· in the manhole collar, and prevent it from tilting when automobile wheels passed over it.

There can be no question but that it was the duty of the State in maintaining said manhole covers to see to it that they would not be dangerous to persons lawfully using the highways, and driving their automobiles over them. From all the evidence in this case, it cannot be disputed that the State had constructive notice of the condition of these manhole covers for a reasonable length of time, so as to charge the State with negligence in failing to properly maintain said manhole covers. The only conclusion that the Court can draw from the testimony in this case is the fact that the State's negligence in the maintenance of the manhole covers was the direct and proximate cause of the accident here in question, and that the State should respond to the claimant for the damages to his automobile. The evidence shows, without a doubt, that the claimant, in driving over said highway, was in the exercise of due care and caution for his own safety, and the safety of his automobile.

An award is, therefore, entered in favor of the claimant, N. B. Couchot, in the amount of $50.00 for the damages to his automobile.