(No. 4618—▉▉▉▉▉▉)

LAWRENCE B. STEDMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1957.*

HOLLERICH AND HURLEY, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

WHAM, J.

This action is brought by claimant, Lawrence B. Stedman, against respondent, State of Illinois, to re-

cover $7,500.00 in damages for personal injuries sustained when he fell into a canyon located in Starved Rock State Park on September 11, 1952.

The record reflects that claimant was rightfully upon the premises, having rented one of the cabins constructed by respondent in the park, which, in conjunction with the lodge and dining room, were operated for the benefit of those who wished to visit the park and remain overnight. The facilities were located in Starved Rock Park on high ground overlooking the Fox River valley, and consequently bounded by and in the midst of rough terrain and canyons.

The park itself, of which these facilities were a part, consists of several hundred acres of land preserved in its rugged natural state as a scenic and historical attraction, and is maintained for the benefit of and use by the people of Illinois.

Claimant was employed by the Rueben H. Donnelly Corporation of Chicago, Illinois as District Sales Manager, and was, on the date in question, working in the vicinity of Utica, Illinois, in connection with the preparation of a classified section of the telephone directory. Several other employees were under his direction, and, in the course of his employment, he had arranged to remain overnight at Starved Rock Park and meet with the employees whom he was directing.

About noontime on September 11, claimant registered at the lodge, was assigned and went to one of the cabins located a short distance from the lodge, met several of his fellow employees, and returned to the lodge dining room for lunch. Thereafter, he went about his business in Utica, returned to his cabin at 5:30 P. M., and again met with his fellow employees in the dining room at the lodge for dinner. After finishing the meal,

it was the intention of claimant and his companions to hold a sales meeting in claimant's cabin.

At approximately 8:00 P. M., the group, including claimant, left the dining room of the lodge, and went out upon the patio adjoining the dining room upon the north. This patio overlooked a precipice or canyon approximately fifty feet deep.

After a few minutes of conversation, the group started toward the cabin in an easterly direction along a pathway bordering the edge of the precipice. This path was approximately fifteen feet from the edge of the canyon.

After proceeding along the path for some distance, and upon reaching a vantage point, which presented a clear view of the dam and the city lights of Utica and Ottawa in the distance, claimant and two of his companions, a Mr. Art Houser and Miss Alta Vick, left the pathway, and moved to the edge of the canyon, where claimant proceeded to point out to them the various sites. Suddenly he slipped over the edge of the precipice into the canyon, and sustained severe and permanent injuries to his person, consisting of fractures of a vertebrae and ribs, and numerous cuts, bruises and lacerations to various parts of his body.

Claimant contends that respondent was negligent in several particulars, namely, failing to place proper signs or notices warning patrons of the precipice; failing to erect barriers or guard rails at or near the edge of the precipice to prevent persons from falling over it; and failing to provide lighting so that persons could see the edge of the precipice at night.

While it is true that respondent is under the duty to exercise reasonable care in maintaining its parks, it is likewise the law that respondent is not an insurer

against accidents occurring to patrons while using the park facilities. *Kamin* vs. *State of Ill.,* 21 C.C.R. 467.

The fundamental question here to be determined is whether or not respondent was under the duty to provide warning signs, guard rails and lights at the particular place where claimant fell. The significant factor to us is that claimant intentionally left a path, which was at least 15 feet from the edge of the precipice. If he had remained upon the path, he obviously would not have been injured. No complaint is made with reference to the surface of the path, nor with respect to its location.

We do not believe that respondent should be required to anticipate that patrons of the park would be more likely to leave the path in the night time at this particular place, than in any one of the innumerable places along the brinks of the many canyons throughout the park. To require the maintenance of signs, rails, and lights along the many miles of pathways would place a burden upon respondent, which no reasonable man would require.

The fact that this path provided access to the cabins from the lodge, and would, therefore, be more heavily traveled than paths in other portions of the park is not of great significance. Actually, there would, if anything, be less reason to expect a person to depart from this path while on the way to his cabin, than if walking in a more secluded portion of the park where the principal usage of the path is for hiking.

Adult patrons of Starved Rock Park certainly know the character of the park's terrain, and respondent is entitled to take that into consideration in determining when, where and how safeguards and warnings should be installed.

In addition thereto, it is our judgment that the lack of guard rails, signs and lights was not the proximate cause of claimant's injury, but was merely a condition, which rendered possible the happening of the accident.

The proximate cause in our judgment was the intentional departure from the path by claimant in the night time having reason to believe that the path was near the precipice, even though not knowing the exact distance therefrom. He knew there were no lights, and he was not entitled to presume that a guard rail was in place. He testified that he had walked to the cabins at 5:30 P. M. on the day of the accident. He went from the cabin to the lodge dining room at about 7:00 P. M. on the same evening. Moreover, he had arrived at the lodge, and checked in at his cabin at noon of the same day, and he evidently had sufficient knowledge of the surroundings to point out to his companions the places of interest in the distance.

We cannot bring ourselves to believe that claimant had no general knowledge of the terrain bordering the path from the lodge to the cabin, from which path he intentionally departed. Consequently, we feel that he did not exercise that degree of care and caution for his own safety, which is required of a prudent person, and that his actions of leaving the path in the night time, and under the above recited circumstances, were the proximate cause of his injuries.

We, therefore, believe that his claim should not be allowed. To hold otherwise would, in our judgment, be a departure from the recognized principles governing actions of this nature, would place an unwarranted burden approaching that of an insurer upon the State of Illinois, and would, in effect, ignore the requirement that a claimant must, in order to recover, be in the

exercise of due care and caution for his own safety. The claim is hereby denied.