(No. 4760 )

Arthur Mayes, Claimant, vs. State of Illinois, Respondent.

*Opinion filed May 12, 1959.*

Epton, Scott, McCarthy and Epton, Attorneys for Claimant.

Latham Castle, Attorney General; Richard F. Siman, Assistant Attorney General, for Respondent.

Fearer, J.

Claimant filed his complaint in this Court on February 4, 1957 for property damage to his automobile, which was sustained on August 12, 1956 while driving on Edens Highway in the County of Cook and State of Illinois. The amount of damages claimed is the sum of $150.85.

Respondent did not file an answer, and, therefore, a general traverse of the allegations of the complaint will be considered.

A joint motion of claimant and respondent asking leave to waive the filing of briefs was granted. The case was heard by Commissioner George W. Presbrey, and his report has been filed herein.

The only witness testifying in this case was claimant, Arthur Mayes, who stated that on the 12th of August, 1956, between 9:30 and 10:00 P. M., he owned a 1953 Cadillac, which he was driving in a southerly direction on Edens Highway in Cook County, Illinois. Near Touhy Avenue it had been raining very hard, and he was traveling at a speed of about five or six miles an

hour approximately 25 feet behind a car proceeding immediately in front of him. As he was driving behind the car in front of him, he noticed it hit something, which appeared to be a bump or depression in the road, and immediately thereafter a manhole cover rolled in the direction of his automobile and into the front portion near the bumper of his automobile. In getting out of his automobile he noticed that the manhole cover was loose, and had left the manhole upon being struck by the car immediately preceding him. He testified that, in his opinion, the manhole cover was at least 35 inches in diameter.

Claimant testified as to the damages and costs of repair, which were set forth in claimant's exhibit No. 1, which was admitted in evidence, and showed a total charge of $150.85.

It appears from the record that there was no claim made on his insurance company, nor did the insurance company pay him any portion of this loss, less the deductible portion. Therefore, it is his claim, and there is no subrogation claim of any insurance company involved.

The complaint charges as the proximate causes of the accident:

1. Negligence of respondent's employees in failing to warn the traveling public on Edens Highway, at or about the intersection of Touhy Avenue, of the open or loose manhole.

2. Negligence of respondent's employees in so placing a cover upon the manhole that it became loose, and was propelled against claimant's automobile.

3. Negligence of respondent in permitting the existence of an open manhole on a public thoroughfare.

This Court had occasion to pass on a similar situation involving a manhole cover in the case of *N. B. Cou-*

*chot* vs. *State of Illinois*, 21 C.C.R. 157. The only difference in the two cases is that in the present case the manhole cover was struck by another automobile, which caused it to be propelled against claimant's automobile.

In that case the Court held that there could be no question but what it was the duty of the State in maintaining manhole covers to see to it that they would not be dangerous to persons lawfully using the highways, and driving their automobiles over them. From the evidence, which is also true in the present case, it could not be disputed that the State had constructive notice of the condition of the manhole cover for a period of time, so as to charge the State with negligence in failing to properly maintain it.

There is no question in this case but what Edens Highway was under the jurisdiction of respondent, and that it was the duty of respondent to see that it was maintained in a reasonably safe state of repair, particularly in view of the facts and circumstances in this case.

We make this statement knowing that the State is not an insurer of all persons, who drive upon its highways. But, in cases where there is a defect, which was either known or could have been ascertained by reasonable inspection, and, which would cause damages to persons and property upon said highway, particularly under the conditions in this case where there was a large amount of water, and a cover was loosely placed over the manhole, the State should have been aware of the fact that the water and traffic on said highway might cause the cover to become disengaged from the manhole, and result in damages to automobiles and the people riding therein.

The only conclusion that we can draw from the evidence offered in this case is that respondent's employees

were negligent in the maintenance of the manhole cover, especially under these circumstances where cars were traveling across it, and particularly because of the existence of the large amount of water, which could flow under or around the cover and disengage it. In our opinion, the proximate cause of the accident resulting in damages to claimant was respondent's failure to properly secure the manhole cover in its place, so that it could not become disengaged.

An award is hereby made by this Court to claimant, Arthur Mayes, in the amount of $150.85.