(Nos. 4779 and 4780—Consolidated—

VERNON THOMPSON AND DORIS GREEN, ADMINISTRATRIX OF THE ESTATE OF ERNEST R. GREEN, DECEASED, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 27, 1962.*

GEORGE J. MORAN AND GORDON BURROUGHS, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

PERLIN, J.

This case is a consolidation of two separate claims arising from an automobile accident, which occurred on June 10, 1955, on Illinois State Route No. 3, at a point

about three miles west of Red Bud, Illinois. In said accident the driver of the car, Ernest Green, was killed, and a passenger, Vernon Thompson, was injured. Doris Green seeks $7,500.00 recovery as Administratrix of the Estate of Ernest R. Green. Vernon Thompson seeks $7,-500.00 for the injuries he allegedly received in the accident.

The evidence indicates that at the time of the accident Ernest Green, the driver of the car, was proceeding in a southerly direction on said Route No. 3, and heading into a long curve bending in an easterly direction to his left. As the driver rounded the curve, the car failed to continue in the arc, and veered or swerved to the right, leaving the highway, smashing into a tree, killing the driver, Ernest R. Green, and injuring the passenger, Vernon Thompson.

For either claimant to recover damages from the State, he must prove that the State of Illinois was negligent as charged in the complaint, and that such negligence was the proximate cause of the accident. It must further be established that claimants were in the exercise of due care and caution for their own safety. (*McNary* vs. *State of Illinois,* 22 C.C.R. 323, 334; *Bloom* vs. *State of Illinois,* 22 C.C.R. 582, 585; *Link* vs. *State of Illinois,* Case No. 4719.)

Claimants' amended petitions charged several specific acts of negligence to respondent including the following:

(a) It failed to erect proper warning signs to warn people of the proximity of the curve.

(b) It suffered and permitted said highway to be and remain in an unsafe condition in that the curve on said highway where the accident occurred was not constructed in accordance with good engineering practice;

it did not comply with the original specifications for the construction of said road; and, that the highway was not constructed in accordance with the engineering rules, regulations, specifications and standards promulgated by the State of Illinois through its Division of Highways.

(c) It suffered and permitted the curve on said highway to have two sets of super-elevations, both of which were insufficient for the posted speed set for said curve.

To substantiate their allegations, claimants offered the testimony of Clarence J. Trankle, a member of the Illinois State Police, who was one of the investigating officers. He testified that this curve had been part of his patrol for several years; that he had told a member of the State Engineering Department prior to the accident that the curve needed more markings; and, that there had been a number of accidents on the curve.

Claimants also presented Willard Flagg, a civil structural engineer, who testified that he had previously worked for the Illinois Division of Highways, and that there were formulae established for determining the pitch and degree of curves for highways at particular speeds. He further testified that the southbound lane of the road in question did not have an appropriate super-elevation for a curve on which the State had posted a speed limit of 50 miles per hour. In his opinion, the super-elevation in the southbound lane at the time of the accident justified only a speed of from 35 to 38 miles per hour.

Respondent presented the testimony of Jack Day, a highway engineer for the State of Illinois and a maintenance field engineer for the area of highway in question, who stated that the curve was properly marked by signs measuring 2 feet by 2 feet, and that their subsequent replacement by signs measuring 3 feet by 3 feet

resulted in the curve being substantially overmarked. He further testified that the designated speed of 50 miles per hour was properly determined, and was correct for the curve in question.

The only witness to the accident, Vernon Thompson, testified that he did not remember anything about the incident, since his last recollection was at a point 3 or 4 miles before the occurrence. Officer Trankle stated that the automobile traveled approximately 80 yards after leaving the highway. Mrs. Green testified that her husband was a careful driver, and had had no previous automobile accident experience.

It is the function of the Court of Claims to pass upon questions of fact as well as questions of law, and the Court must determine the weight that should be given to the testimony of witnesses. (*Joyner* vs. *State of Illinois,* 22 C.C.R. 213; *Flint* vs. *State of Illinois,* 21 C.C.R. 80.) Despite the divergence of opinion of the witnesses as to the critical speed of the road segment in question, the evidence reflects that the State computed such critical speed pursuant to a generally accepted method of using a ball bank indicator, while actually negotiating the curve with a motor vehicle. This Court concludes that the State was not negligent in the designation and marking of the road area in question.

It is also the opinion of this Court that claimants have failed to prove by a preponderance of the evidence that any act of respondent was the proximate cause of this occurrence. In fact, no evidence as to proximate cause was established, because the sole witness remembers nothing about the accident, nor does the evidence tend to show what actually caused the accident. Claimants were unable to prove that Ernest Green was in the exercise of due care and caution for his own safety. Indeed, the fact that there were skid marks on the highway,

and the fact that the automobile traveled about 80 yards after leaving the highway, tend to show that Ernest Green was probably driving at a high speed.

It is an established rule that the State is not an insurer of all those traveling upon the highway, the extent of its duty being to use reasonable care to keep the highways in a reasonably safe condition for persons exercising due care for their own safety. (*Bloom* vs. *State of Illinois*, 22 C.C.R. 582.)

In the opinion of this Court, claimants have not proved by a preponderance of the evidence the elements necessary to a recovery.

An award to claimants, Vernon Thompson and Doris Green, Administratrix of the Estate of Ernest R. Green, deceased, is, therefore, denied.