EDDIE LEE BAKER, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 61533

Opinion filed October 12, 1978.

Alan Kawitt, of Chicago, for appellant.

Edward J. Egan, of Chicago Transit Authority, and John J. O'Toole, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiffs, Eddie Lee Baker and Lynn A. Douglas, sued the defendants, Chicago Transit Authority (hereinafter CTA) and Robert E. Hardy (the CTA bus driver), in the circuit court of Cook County. Plaintiffs alleged that they sustained personal injuries as a result of an accident caused by defendants' negligence. The trial court, on October

24, 1974, granted defendants' motion for a directed verdict. Plaintiff Eddie Lee Baker appeals, and we affirm.

The issue presented for review is whether the trial court properly directed a verdict for the defendants. The defendants also request this court to consider that the testimony of all relevant witnesses is not included in the record on appeal.

The facts, stated briefly, are as follows: The plaintiff testified that on March 23, 1970, he was a passenger on a CTA bus when the latter collided with a truck. Plaintiff stated that the bus driver, defendant Robert Hardy, pulled the bus over to a curb and came to a complete stop; however, the rear of the bus was "sitting sort of out into the street." The doors had opened to disembark passengers when the CTA vehicle was struck from behind by a truck. Plaintiff, who was sitting in the bus at the time of the impact, was injured. According to plaintiff, the CTA bus driver was negligent in leaving the rear of the bus "sort of out into the street," and his negligence proximately caused plaintiff's injuries.

The defendant CTA, in its answer, denied, *inter alia*, that the conduct of its driver was in any way negligent, or that his conduct, acts, or omissions contributed directly or proximately to the collision which plaintiff alleges caused him injury.

Defendant Robert Hardy, Lynn Douglas (a passenger), and Noel Tessier (a passenger) also testified at trial. However, the testimony of these three witnesses is not included in the record on appeal. The cause was heard before a jury, and on October 24, 1974, the trial court granted defendants' motion for a directed verdict.

The plaintiff argues on appeal that he proved a prima facie case against defendants (see *De Bello v. Checker Taxi Co.* (1972), 8 Ill. App. 3d 401, 290 N.E.2d 367) and, therefore, the trial court erred in directing a verdict in defendants' favor at the close of plaintiff's case. According to plaintiff, he established (1) the existence of a passenger-common carrier relationship between plaintiff and defendants, (2) breach of defendants' duty of care owed to plaintiff through the negligent maneuvering of the bus, and (3) proximate cause—that the accident would not have occurred but for defendants' negligence. Plaintiff contends that defendants' negligence is clearly established by the record under the applicable city ordinance. (Chicago, Ill., Municipal Code, ch. 27, par. 27—276(c).) That ordinance provides as follows:

> "The driver of a bus shall enter a bus stop or passenger loading zone on a public street in such a manner that the bus when stopped to load or unload passengers shall be in a position with the right front wheel of such bus not further [*sic*] than eighteen inches from the curb and the bus approximately parallel to the curb * * *."

However, after hearing the evidence, the trial court failed to find that

defendants' conduct was negligent or the proximate cause of any injuries sustained by plaintiff. We affirm the judgment of the trial court.

■■ It has been held that the test to be applied in ruling upon a motion for a directed verdict is whether there is any evidence, or reasonable inference arising from the evidence, which tends to prove the material allegations of the nonmoving party's case. In determining whether there is such evidence, the weight and credibility of the evidence are not material, for the question is whether the nonmoving party has as a matter of law failed to sustain the elements of his case. (*Bass v. Rothschild Liquor Stores, Inc.* (1967), 88 Ill. App. 2d 411, 416-17, 232 N.E.2d 19, 22.) If there is evidence supporting the nonmovant's case, a verdict should not be directed except in those rare cases in which all the evidence, when viewed in its aspect most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Bass*, at 417.) In applying this test to the instant case, it is apparent that the trial court properly found that plaintiff failed to sustain the elements of his case.

■■■ It is true that the violation of an ordinance constitutes prima facie evidence of negligence and creates a cause of action if it is the proximate cause of any resulting injuries. (*Watson v. Chicago Transit Authority* (1973), 12 Ill. App. 3d 684, 691, 299 N.E.2d 58, 63.) However, the only evidence before us pertaining to this issue is plaintiff's testimony, and plaintiff's testimony is irresolute at best. We believe that the testimony of the plaintiff fails to establish any reasonable inference tending to prove the alleged violation of the ordinance (Chicago, Ill., Mun. Code, ch. 27, par. 276(c)), or negligence on the part of defendants. Therefore, we do not reach the question of proximate causation.

Furthermore, in the absence of a proper and complete report of proceedings, this court is compelled to assume that the evidence presented at trial supported the judgment of the trial court and to affirm the judgment appealed from. *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975-76, 329 N.E.2d 550, 553-54.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER and LINN, JJ., concur.