(Nos. 81-CC-2656, 82-CC-1043 cons.—▮▮▮▮▮▮)

HAROLD WEBEE, Guardian of the Estate of Aimee Marie Clark, A Minor, and DEBRA G. CLARK, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 23, 1985.*

HOLLEY, KEITH & MEHLICH, GIFFIN, WINNING, LINDNER, COHEN & BODEWES, P.C., and BOWEN, MILLER & TURNGATE (JOHN KEITH, SUE E. MYERSCOUGH, and MARK TURNGATE, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER and G. MICHAEL TAYLOR, Assistant Attorneys General, of counsel), for Respondent.

POCH, J.

Claimants seek recovery for damages arising out of an automobile accident on December 1, 1979. Evidence concerning the facts was heard by a commissioner of this Court.

The following summarizes the evidence.

On December 1, 1979, the Claimant, Debra Geralyn Clark, now Debra Geralyn Davis, was the driver of a Dodge Coronet automobile, traveling in a northerly direction on a township road in Noble Township, Richland County, Illinois. Aimee Marie Clark, age two, being the daughter of Debra, was a passenger in the front seat of the car being driven by her mother. The township road on which Debra and Aimee were traveling had a gravel surface and intersected to the north with State Highway 250. Debra Clark testified that she had never traveled on this country road before this day.

Gregory A. Amerman was traveling west in his car on State Highway 250, approaching the intersection of that highway with the township road upon which Debra and Aimee were traveling.

At such intersection on December 1, 1979, at approximately 12:30 p.m., Debra's car failed to stop before entering the intersection and was struck on the right side by the car being driven by Mr. Amerman. The collision caused both vehicles to leave the intersection and to come to a stop in a field to the northwest of the intersection.

At the time of the accident there was no stop sign in place to control the traffic traveling north on the township road at the point of its intersection with State Highway 250. The terrain in the area of the intersection is generally flat, and at a distance of 200 to 300 feet from the intersection with Route 250 a driver has a clear view of approaching westbound vehicles on Route 250, from a minimum of 400 feet to the east. Because of the flat approach to the intersection with Route 250, the intersection is visible for a great distance to a north-bound driver such as the Claimant. At the time of the accident the weather conditions were clear and most of the crops planted in the vicinity of the accident had been harvested, thereby eliminating possible obstruction of view.

The Respondent, through the Department of Transportation, was responsible for the maintaining of such stop signs, and pursuant to the Department of Transportation's policy made annual inspections of all signs, the last of which, in the matter before the Court, was made on February 20, 1979, at which time it was found to be in place. Throughout the rest of the year, the Department of Transportation merely depended upon reporting of missing signs by law enforcement agencies, local Department of Transportation employees, and private citizens.

Although the Respondent did not have actual notice

of the missing sign prior to the accident, Claimant relies on the theory of constructive notice in that a number of Illinois State Police regularly patrolled the State highway, including the portion at the intersection with the township road. Claimant also relies on testimony to the effect that two local Department of Transportation employees travelled the said State highway on an "everyday" basis.

John Muhn, a witness for the Claimant, testified that he knew the sign was missing for a period of one month to six weeks in that he travelled the State highway on a daily basis, but did not report it because of the frequency of travel of Department of Transportation trucks and State police.

State Trooper Charles Martin testified that while at the accident scene he was told by others that the stop sign had been missing for approximately 30 days. It is also noted from testimony of witnesses at the scene following the accident, that the sign was actually missing and not on the ground.

There is no question that Debra Clark and Aimee Clark both received serious injuries from the accident.

There is no question but that the State of Illinois through the Department of Transportation had the duty to maintain and repair the stop sign controlling the northbound lane of traffic to the township road which intersected with State Highway 250.

The State of Illinois does have the duty to exercise reasonable care in the maintenance and care of its highways, in order that defective and dangerous conditions likely to injure persons using the highways shall not exist. *Crouchet v. State*, 21 Ill. Ct. Cl. 157; *Thompson v. State*, 24 Ill. Ct. Cl. 219.

In *Di Ori v. State*, 20 Ill. Ct. Cl. 53, the Court of Claims has applied the same rules of law pertaining to notice in suits against the State involving defects in highways as pertain to suits against municipalities involving injuries caused by defective conditions in sidewalks. That rule of law provides that a local entity is not liable for any injury unless it has either actual or constructive notice of the condition that is not reasonably safe for a sufficient time prior to the injury to have taken corrective action. *Baker v. City of Granite City* (1979), 75 Ill. App. 3d 157, 160, 394 N.E.2d 33.

Since the Claimant concedes that there was no evidence that the Respondent had actual notice, it must rely on the theory of constructive notice. The Claimant maintains that by the exercise of reasonable care and diligence, the Respondent might have known of the condition, and cites *Baker, supra.*

The question then is whether or not the Respondent failed to exercise ordinary care in not replacing a sign that had been missing for approximately 30 days, given the facts of daily travel on the State highway, intersecting with the township road, by Illinois State troopers and Department of Transportation mainte-nance trucks, and was, therefore, the proximate cause of the accident in question.

Whether the Respondent is to be charged with constructive notice that a stop sign is missing depends upon the facts of the particular case. (*King v. State*, 30 Ill. Ct. Cl. 457.) The evidence at trial indicated that the sign was missing for a period of a month, possibly as long as six weeks. Although this may appear to be a long period of time, it should be noted that the absence of a stop sign on a rural, gravel-topped road is not likely to

be noticed as quickly as on a major thoroughfare. (*King, supra,* at 459.) In *King, supra,* this court declined to find liability where the missing stop sign was located in a small town, and the sign had been down for approximately three weeks. Although in the instant case, the sign may have been down for a longer period of time, it should be noted that a sign on a lightly traveled rural road is less likely to be noticed than one located in a small town or village, as in *King.* Hence, a longer period should be allowed, before the Respondent is charged with constructive notice.

The evidence indicated that District 7 contains 200 miles of interstate, 1,200 miles of primary non-interstate road and over 25,000 signs. All signs are inspected at least once a year. The sign was inspected on February 20, 1979, and found to be in good order.

The testimony in the record indicates that annual inspection is sufficient to determine whether a sign is adequately attached to its post, and it is unclear as to whether semiannual or even quarterly inspections would have revealed the absence of the sign. The sign was not found in the vicinity of the post, and, therefore, it would be reasonable to conclude that the sign was stolen or removed by an unknown person. If the sign was so removed, then, only constant and continuous inspection of all signs in the district would be effective to prevent the removal thereof. In view of the number of signs in the district, such a requirement would be unreasonable.

It should be noted that Claimant's evidence does not conclusively establish that the Respondent's employees were in a position to notice the missing sign. Testimony of Trooper Charles Martin establishes that he travels on Route 250 approximately every other day. There is no evidence in the record to establish that

Trooper Martin, or any other trooper, regularly traveled the gravel township road upon which Debra Clark was traveling. Nor is there any evidence to suggest a reason why Trooper Martin, or any other trooper, should routinely patrol such a minor, unpaved, country road.

We do not believe that a finding of constructive notice is justified under these facts and circumstances.

Aside from the question of notice hereinabove discussed, we are of the opinion that the evidence supports a finding that the proximate cause of the accident was Claimant Debra Clark's failure to yield to oncoming traffic from her right upon entering the township road intersection with the State highway.

In addition to the statutorily imposed duty to yield to traffic approaching from the right, other factors required the Claimant to yield to the Amerman vehicle. Given the fact that the Claimant was traveling on a gravel road preparing to intersect a State highway, she was on notice that "she was approaching an intersection with a preferential highway even though she saw no stop sign." (*King v. State* (1975), 30 Ill. Ct. Cl. 457, 463.) The Claimant also testified that in all of her prior experiences with intersections such as this one, there had been a stop sign in favor of the highway traffic. Given this awareness, it was incumbent upon the Claimant to yield to any approaching traffic. Had the Claimant been in the exercise of proper care for her safety and the safety of others, she would have seen the approaching Amerman vehicle. From the evidence adduced through testimony of witnesses and exhibits admitted into evidence, it is reasonable to conclude that Claimant Debra Clark's failure to yield was the proximate cause of the accident.

Based on the foregoing, it is hereby ordered that these claims be and hereby are denied.