(No. 83-CC-1878–)

MICHAEL LICHTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1987.*

FRANCIS KAITIS, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN BUCK-LEY, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

Claimant, a 14-year-old boy, alleges that on July 14, 1982, at about 4:30 p.m., he was injured while in the process of crossing Touhy Avenue from the north to the south side of the street. The complaint alleges that upon stepping from the curb, he stepped on top of the storm sewer and his right foot went through the top of the sewer because one of the grates had been removed. Claimant's right leg was stuck into the sewer past his knee and he was unable to remove his leg on his own initiative. The police were called to the scene and they were unsuccessful in removing the boy's leg. The Skokie Fire Department arrived at the scene and were finally able to remove the Claimant's leg. Claimant was stuck in the sewer for approximately 30 minutes.

Claimant was taken to Skokie Valley Hospital where he was X-rayed and a brace was applied to the leg. At the time of his injury, Claimant had a summer job with Duffy & Quinn Construction Company at which job he was paid $3.35 an hour for 40 hours a week, or a total of $134.00 per week. Claimant was off work for approximately five weeks, resulting in a loss of $670.00. He also incurred a hospital bill which, including doctor's services, amounted to $139.00.

Claimant testified he has made a complete recovery from his injuries.

It was established at the time of the hearing by the Commissioner that it was the duty of the State of Illinois to maintain the manhole cover in question and that there was a defect in said cover which resulted in Claimant's injuries.

In situations such as this, this Court has held that it is the duty of the State of Illinois to maintain the manhole covers in a state of proper repair for the safety of persons and vehicles using the highway. (*Beil v. State*, 21 Ill. Ct. Cl. 480; *Gouchot v. State*, 21 Ill. Ct. Cl. 157; *Mayes v. State*, 23 Ill. Ct. Cl. 93.) Such a defect, which is known or could have been ascertained by reasonable inspection, amounts to constructive notice, and the failure to replace or repair such defect amounts to negligence on the part of the State of Illinois.

The Court is of the opinion that Claimant acted in the way an ordinary 14-year-old would act in crossing the street where he did. The record is devoid of any evidence showing any contributory negligence on the part of Claimant.

The Court is of the opinion that the State is guilty of negligence and that said negligence caused the Claimant's injury as set forth in the complaint.

The Court believes an award in the amount of two thousand ($2,000.00) dollars is a proper award in this matter. An award is hereby entered in that amount on behalf of Claimant.