(No. 83-CC-2123–

GARY HODGES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 24, 1985.*

*Opinion filed July 6, 1995.*

DONOVAN, HATCH & CONSTANCE, P.C. (MICHAEL J. NESTER, of counsel), for Claimant.

NEIL HARTIGAN and JIM RYAN, Attorneys General (SUE MUELLER and JAMES C. MAJORS, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

HOLDERMAN, J.

This cause comes on to be heard on the Respondent's motion to dismiss and the Court is duly advised in the premises, finds that the Claimant's complaint states on its face that Claimant was proceeding in an easterly direction at the time of the accident when his car was struck by one Rosemarie Timmermann, who was traveling in a northerly direction at the time of the accident. The complaint further states that Ms. Timmermann struck Claimant's vehicle on the right-hand side, indicating that the Timmermann vehicle and the Claimant's vehicle were approaching each other at a 90-degree angle, and that the Timmerman vehicle was to the right of Claimant's vehicle immediately prior to the accident.

Because the intersection was legally an open one at the time of the accident, Claimant's breach of his statutory duty to yield to the Timmermann vehicle was the proximate cause of the accident. At an open intersection a driver has a statutory duty to yield to vehicles approaching from the right. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—901(a); *Duewel v. Lahman* (1981), 103 Ill. App. 3d 220,

224, citing *Carr v. Shirland Township* (1978), 66 Ill. App. 3d 1033, 1036.) This statutory duty applies when a stop sign is missing at an otherwise open intersection. (See *Duewel, supra.*) This traffic law also constitutes the duty of care imposed upon a motorist. (See *Duewel, supra.*) Violation of such a traffic regulation is *prima facie* evidence of negligence. (*Baker v. Chicago Transit Authority* (1978), 65 Ill. App. 3d 91, 93, 382 N.E.2d 450; *Duewel, supra.*) The Claimant breached this duty of care by entering the intersection without yielding to the Timmerman vehicle which was approaching from his right. (See *Kofahl v. Delgado* (1978), 63 Ill. App. 3d 662, 624-625, 380 N.E.2d 407.) Thus Claimant's negligence was the sole proximate cause of the accident.

It is hereby ordered that, as Claimant's complaint fails to state a cause of action, Claimant's complaint is dismissed with prejudice.

## OPINION

PATCHETT, J.

This is a subrogation claim by State Farm Mutual Automobile Insurance Company against the State of Illinois. The claim was filed on April 7, 1983, seeking damages in the amount of $9,509.52. This claim arose from property damage and the payment of liability claims due to an accident which occurred on June 7, 1981, at the intersection of East "B" Street in Belleville, St. Clair County, Illinois, and Illinois Route 161 (also known as Sherman Street).

At that time and place, it was alleged that the State Farm insured, Gary Hodges, was operating his 1981 Toyota Celica in an easterly direction on East "B" Street at or near that intersection. At the same time and place, Rosemary Timmermann was driving her 1979 Ford Fiesta vehicle north on Route 161 at or near that intersection. It

was further alleged that the stop sign for motorists traveling east on "B" Street had been knocked down and because of its absence, the collision occurred between the vehicles in question, thus causing the loss to State Farm in the sum indicated above.

A trial of this matter was held before a Commissioner of this Court. It was stipulated that the Claimant had received $1,500 towards his damages as a result of the settlement of another case in which the Claimant had sued the City of Belleville. Mr. Marvin Glaus was called as a witness for the Claimant. He testified that he lived near the scene of the accident and was acquainted with the Claimant. Hodges had been at Glaus' house from around noon until 12:30 p.m. at a barbecue. Glaus and Hodges were employed by the same employer. After Hodges left the witness' house, he returned at approximately 11:00 p.m. and asked that an ambulance be called.

Glaus testified that there was normally a stop sign controlling eastbound traffic on East "B" Street at the intersection in question. When Glaus went to the scene of the accident, the stop sign was down. Glaus testified that the stop sign had been down earlier in the day at approximately 2:00 p.m.

On cross-examination, Glaus testified that Hodges had attended a barbecue at his house where cans of beer in an icebox were available to anyone. Glaus could not say how many beers that Hodges had. Glaus did not report the stop sign being down earlier in the day to anyone. Upon examination by the Commissioner of this Court, Glaus testified that he had passed the intersection on the preceding Saturday and did not remember that the stop sign was missing on that Saturday.

It is clear that the State is not an insurer of all accidents upon its highways. (*Adams v. State* (1981), 35 Ill.

Ct. Cl. 216.) The State does have a responsibility to correct dangerous defects of which the State has actual or constructive notice. (*Finn v. State* (1962), 24 Ill. Ct. Cl. 177; *Pearlman v. State* (1980), 33 Ill. Ct. Cl. 28; *Stedman v. State*, 22 Ill. Ct. Cl. 446; *Weygandt v. State*, 22 Ill. Ct. Cl. 478.) This Court has repeatedly held that drivers utilizing highways of the State are charged with the duty of looking and seeing things which are obviously visible. (*Pyle v. State* (1973), 29 Ill. Ct. Cl. 133.) In the *Pyle* case, the accident occurred at the intersection of Route 148 and Old Route 13 in Williamson County. At that time, Route 148 was a preferential north-south highway protected by stop signs facing traffic approaching on Old Route 13. The Claimant was driving east on Old Route 13 and passed a stop ahead sign which she did not see. The Claimant did see a red pickup truck coming south on Route 148, slowed her speed, but did not stop because she did not see a stop sign in her lane.

In determining the *Pyle* case, this Court stated that it must determine whether and at what time the State had "knowledge of a dangerous condition on its highway" and whether the State failed to take an appropriate remedial action within a reasonable length of time. In the *Pyle* case, the Court determined that it could not hold the State liable for its failure to repair the sign or erect warning signs within 29 hours after notice of the condition. The Court stated:

"We have found no case holding a responsible governmental body liable when it had no more than 29 hours of notice, actual or constructive. Our survey included many cases involving busy intersections, much more hazardous than the one in the case at bar. Indeed, the shortest length of notice we found in any case in which liability was imposed, was the case cited by the Claimant, *Caudle v. State*, 19 Ill. Ct. Cl. 35 (1949). There, the State had 4 or 5 days notice that a dangerous hole existed in the center of its highway." See *Pyle, supra.*

In *Adams v. State* (1981), 35 Ill. Ct. Cl. 216, this Court imposed liability upon the State when the evidence

established that the State had actual and constructive notice of a downed stop sign for at least 72 hours prior to the accident.

In *Clark v. State* (1985), 38 Ill. Ct. Cl. 164, Justice Poch stated that whether the State is to be charged with constructive notice of a missing stop sign depends on the facts of the particular case. In that case, the stop sign was missing for a period of a month and possibly as long as six weeks. The Court stated that a sign on a lightly traveled rural road is less likely to be noticed than one located in a small town or village. Therefore, a longer period should be allowed the State before the State is charged with constructive notice of a dangerous or defective condition.

In this case, the Claimant asks this Court to impose liability where the only evidence in the record establishes that the sign was down approximately 8 to 9 hours before the accident. There is no evidence of actual notice. This is simply an insufficient amount of time to be considered as constructive notice on the part of the State of the missing stop sign. Therefore, we deny this claim.