(No. 5588–)

HAROLD HENRY STEGE, Claimant, vs. STATE OF ILLINOIS Respondent.

*Opinion filed April 18, 1972.*

GABRIELE AND NUDO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

Holderman, J.

In this case claimant is seeking to recover for personal injuries he received under the following circumstances.

On April 1, 1968, at about 2:00 a.m., claimant was operating his automobile in a northerly direction on and along Route 43 (commonly known as Oak Park Avenue), at or near 18020 South in the Village of Tinley Park, Cook County, Illinois; claimant testified his automobile struck a hole in the road as a result of which his automobile veered off the road, struck a concrete culvert or abutment, and as a result of the impact, sustained severe and permanent personal injuries.

Claimant testified that he was driving about 35 miles per hour. He stated that he saw the rut in the road and attempted to avoid hitting it but that in doing so, caught his right wheel in the rut and that this caused the car to veer to the right striking the cement abutment. As a result of injuries received, he was taken to South Suburban Hospital where he remained for 8 days. Several of his teeth were knocked out and the cuts he received required about 100 stitches.

The law involved in a case like this has been stated on many previous occasions. The State has the duty to maintain its highways in a safe condition or to warn traffic of the existence of unsafe conditions. *Rickelman* vs. *State of Illinois*, 19 C.C.R. 54. Also, if the State has knowledge, either actual or constructive, of a dangerous condition on its highway and fails to warn the public of the danger, then it must respond in damages for injuries received as a result. *Bovey* vs. *State of Illinois*, 22 C.C.R. 95, page 108. We have also held, however, that the State is not an insurer

against accidents on its highways. *Bloom* vs. *State of Illinois* 22 C.C.R. 582. The law is the law of negligence and not the law of warranties.

The issues in cases where a member of the traveling public is injured as a result of a claimed defect in the highway are issues of fact to be determined by the Court.

In the case at hand, the claimant had the burden of proving that there was a defect in the highway, that the State had actual or constructive notice of the defect, and that claimant was free of contributory negligence.

The test of whether or not a fact has been proven is best set forth in Illinois Pattern Jury Instruction where it is said, in defining burden of proof: that this means

". . . . . . .you must be persuaded, considering all the evidence in the case that the proposition on which (claimant) has the burden of proof is more probably true than not true."

Thus, there is room for reasonable doubt and still a fact has been proven. The crux of the definition is whether or not the evidence persuades the Court that the fact is more probably true than not.

In the case at hand, claimant described the hole in the road as being about two or three feet long, seven inches deep at its deepest point and about four inches deep on the edge. His observation was made while traveling and immediately before he hit the hole. The hole was on the right-hand edge of the road. Claimant testified that he had traveled over this road at least once a week for over a year and that approximately one month after the accident the hole had been repaired.

Two police officers of Tinley Park testified. One stated that he viewed the area for approximately 300 feet south of the scene and that he observed no chuck holes. The other

police officer testified that on the morning of the accident that he too did not observe any chuck holes. Neither testified, however, that they were on the look out for defects in the highway.

In answer to this, however, claimant produced a photograph of the road at the approximate place at where the accident happened. The pictures showed definitely that a repair had been made to the highway at sometime. The pictures were taken in June of 1968, approximately two months after the accident.

The Court believes that it is more probably true that there was a hole in the road of some sort though not necessarily the size and shape stated by claimant. On this issue the claimant has met his burden of proof.

The claimant also was required to meet the burden of proving that the State had actual or constructive notice of such a defect. The record is silent as to any actual notice, and, therefore, the ultimate issue in the case at hand is whether or not there is sufficient evidence in the record to persuade the Court that the State had constructive notice of a defect which required fixing or of giving warning. The Court is of the opinion that claimant has failed to meet his burden of proof of this fact. While there is some evidence supporting claimant, it is believed that the evidence is insufficient.

The two police officers did not notice any hole in the pavement. No other person testified as to the presence of the hole or of having any knowledge of the hole other than an attorney who at one time apparently had some interest in the case on behalf of the claimant. The attorney's testimony was inconclusive in identifying the hole in the highway noticed by him as being the same hole that was involved in the claimant's accident. The attorney's testimony was weakened by the fact that he said there was no white line

along the edge of the road. However, photos taken the day after the accident show clearly and plainly that there was a white line along the east side of the road. His observations were not accurate. The Court believes his testimony was too weak to be persuasive.

The Court therefore is of the opinion that the claimant has failed to prove by competent evidence that the alleged defect was of a nature to have been noticed by the State in ample time to repair or to post warnings.

It would be unreasonable for the State to be held liable for every possible defect in its highways.

There are unnumerable rough spots in public highways and such should be anticipated by motorists. Some defects are more unusual or are more glaring than others. These could well be the basis for requiring the State to respond in damages where they exist for such a time that it is reasonable to say that the State should have known of their existence.

The defect must be substantial enough, and it must exist for such a length of time that reasonable persons would conclude that immediate repairs should be made or warning signs posted. The traveling public must anticipate some defects. There is no absolute duty on the State, however, to discover and remedy all defects. *Joyner* vs. *State of Illinois*, 22 C.C.R. 213.

It is evident that claimant has failed to prove his asserted cause of action by preponderance or greater weight of the evidence.

Award to claimant is hereby denied.