(No. 73-CC-0162–)

MATTHEW MIHOLIC, Individually and as Administrator of the Estate of Matthew Alan Miholic, Deceased, and on behalf of Deborah Miholic, a minor, and DOROTHY MIHOLIC, Claimants, *v.* THE STATE OF ILLINOIS, DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, DIVISION OF HIGHWAYS, Respondent.

*Opinion filed July 23, 1979.*

TERRENCE E. LEONARD, for Claimant.

WILLIAM J. SCOTT, Attorney General (SAUL R. WEXLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This claim arises out of an automobile accident allegedly caused by the State's negligence in failing to keep drainage ditches, and particularly a culvert, open to prevent flooding and icing of a State highway.

Evidence discloses that on March 2, 1971, at about 7:30 a.m., one Kenneth M. Laube was driving a 1966 Dodge Sedan in a southerly direction on Route 63 in Liberty Township, Illinois.

The occupants of the motor vehicle were Deborah Miholic, who was seated in the right front passenger seat, Lynn Nowak, seated in the left rear seat, and Matthew Miholic, deceased, seated in the right rear seat. The occupants were on their way to school at Carmel and Mundelein. The driver testified that he was driving about five to ten miles below the speed limit.

From the evidence presented, it appears that at a point approximately one-half mile north of Casey Road as the above vehicle came over the crest of the hill, the driver observed traffic being backed up in front of him. The driver started to brake his automobile. Because the

pavement was covered with ice, and in order to avoid a rear end collision, the driver steered his automobile into the northbound lanes of traffic where the car left the road and turned over three times throwing Matthew Miholic from the automobile. Matthew Miholic was taken to Condell Hospital in Libertyville, Illinois, where he was pronounced dead.

Charles Zradicka, a police officer, testified that he was the first officer at the scene of the accident. He further testified that he noticed a glaze of ice on the road, as shown by Claimant's Exhibit 2.

Kenneth Laube, the driver, and Debbie Miholic also identified the icy condition as existing in the area where the accident occurred.

Walter Zentner, a farmer who lived in the area, testified there was a coat of ice on the southbound lanes of Route 63 caused by a culvert along the west side of the road being plugged which caused an overflow from the culvert and ice on the highway the previous morning. He further testified that the ice would melt in the daytime, water would flow over the pavement, and it would freeze at night. He testified the area covered with ice was approximately 100 feet in length.

David W. Tilus testified that the icy condition at the time of the accident was caused from a culvert being plugged with dirt causing the water to run onto the road and freeze. He further testified that there had been a prior accident one month before the accident now before the Court under similar circumstances.

There is evidence to the effect that some work had been done in the area resulting in loose dirt accumulating along the edge of the ditches in the area of the culvert and this dirt, together with debris, would block the culvert.

Pictures introduced into evidence by Claimant clearly demonstrate that the culvert was to a large extent blocked by debris. There was no evidence in the pictures showing there had been any recent attempt to clear out the culvert so the water would flow more freely and stop overflowing onto the pavement.

Matthew Miholic, father of decedent, and administrator of the estate received $12,000.00 from the driver's insurance company in return for a covenant not to sue. He further testified that he paid the funeral bill of $1,300.00; he paid for a cemetery lot in the amount of $160.00, and a gravestone in the amount of $193.25. He further testified that his son was 15 years of age and was attending high school; that he was an average student and performed ordinary chores around the house. He also testified that he worked as a caddy and assisted in many ways around the house.

Joseph Kostur, called as a witness for the Respondent, testified that he investigated the accident site and further stated that he checked all records and found no record of any accident at or near the location of the Miholic accident. He further stated that there were no records indicating an icy condition at the location in question.

This claim is similar to the case of *Carr v. Ill.*, 26 Ill. Ct. Cl. 155 which was previously heard by the Commissioner and an award entered by the Court. The Court in *Burgener v. State of Illinois* (1954), 25 Ill. Ct. Cl. 6, 10, stated:

"While the State is not liable for injuries from the natural accumulation of ice and snow, it may be held liable for failure to warn the traveling public of the dangerous condition of a highway caused by the unnatural accumulation of ice where it has had notice of such condition."

This Court has repeatedly held that the State is not an insurer against all accidents which may occur by

reason of the condition of its highways. However, the State is negligent, if, having knowledge of dangerous conditions on its highways, it fails to warn users of the highways of such dangerous conditions." 21 Ill. Ct. Cl. 521; 27 Ill. Ct. Cl. 136.

Before recovery can be made, Claimant must prove that he was free from contributory negligence, that the State was negligent, and that the negligence of the State was the proximate cause of the accident.

In cases such as the one before the Court, it must also be shown that the State had constructive knowledge of the condition of the highway.

The Court finds there was not any contributory negligence on the part of the decedent and that the State was negligent in failing to correct the conditions of flooding which resulted in ice on the highway and caused the death of decedent. There is evidence that this condition had existed for at least one month before the accident occurred, that it existed the day the accident happened, and that the State had constructive knowledge of the condition of the roadway.

The Court finds that the negligence of the State was the proximate cause of the death of the decedent.

The Court makes an award to Claimant as administrator of the estate of Matthew A. Miholic, deceased, in the amount of $13,000.00, the same being the difference between $25,000.00 and $12,000.00 which Claimant received from the driver's insurance carrier.

The record lacks any evidence showing injuries or damages sustained by Deborah Miholic. Award is hereby denied to Deborah Miholic and her parents, Matthew Miholic and/or Dorothy Miholic.