(No. 78-CC-0174– )

CONTAINER TRANSIT, INC., and MARINE OFFICE-APPLETON & COX INSURANCE COMPANY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 23, 1979.*

*Rehearing denied October 22, 1979.*

CONKLIN, LEAHY & EYENSBERG, for Claimants.

WILLIAM J. SCOTT, Attorney General of Illinois (JOHN R. FANONE, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant filed its claim as a result of an accident which occurred on February 1, 1977.

Claimant was operating a tractor and trailer combination in a northerly direction on Route 51 passing under the overpass of Highway 6 at or near Peru, Illinois. As the trailer passed under said overpass, it struck a piece of metal projecting downward approximately 14 inches to 16 inches over Highway 51. The top of the trailer was peeled off and the material being hauled was damaged in the amount of $2,977.32.

The Marine Office-Appleton & Cox Insurance Company reimbursed Container Transit for this loss and is subrogated in the amount of said payment. No claim is made for the damage to the trailer.

The departmental report shows that approximately six months prior to the date of the accident, the bridge in question had been damaged and that to temporarily

repair this damage, a steel plate was welded onto the ceiling of the bridge to reinforce the break caused in the bridge. Evidence further discloses that this steel plate was damaged sometime prior to January 30, 1977, and evidence shows that approximately 27½ hours prior to the accident in question, a truck and trailer operated by United Transport, Inc., was also damaged when it struck the downward protruding steel plate.

The sole question before the Court is whether or not the prior accident, as set out, did constitute actual or constructive notice of a defective condition to put liability upon respondent, the State of Illinois.

This Court has repeatedly held that when the State has actual or constructive knowledge of a dangerous condition and it fails to act, then it is responsible for any damages incurred by Claimant if Claimant was free from contributory negligence.

It appears in the present case that Claimant was free from contributory negligence, that the State did have actual knowledge of the dangerous condition, and that the proximate cause of the accident was the failure of the State to remedy the dangerous condition.

As was held in 33 Ill. Ct. Cl. 410, "the State is not an insurer of the condition of highways under its control but does have duty to public to use reasonable care in maintaining roadways."

It is the opinion of this Court that the bridge in question is under the exclusive jurisdiction and control of the Respondent, and under the doctrine of res ipsa loquitur, the State should be responsible for damages sustained as a result of the existence of the aforesaid dangerous and defective condition, and that Claimant was free from contributory negligence.

An award is hereby made in favor of Claimant in the amount of $2,977.32.