<hr />

(No. 76-CC-2599—▮▮▮▮▮▮)

LUCILLE CATALDO, ROSEANNE GARRITANO, MARY LOU VIVACQUA, and CONCETTA LENTI, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1983.*

*Order on denial of reconsideration filed September 19, 1983.*

SANDMAN & LEVY (STEWART M. ZELMAR, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (KEVIN J. CAP-LIS, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim filed as a result of a one-car automobile accident which occurred on May 9, 1976, at 127th Street West and Kedzie in Blue Island, Illinois.

Claimants allege that the proximate cause of the accident was a defective manhole cover which caused a tire blowout to the car involved. Claimant Cataldo was the driver of the vehicle involved in the accident. She testified that at approximately 9:00 p.m. on May 9, 1976, she was driving her automobile in a westerly direction on 127th Street in the right hand lane about one and one-half feet from the curb. The weather was clear and dry. She was familiar with the area and it was well lit. Shortly after she crossed Kedzie Avenue, she heard a noise, a thud on the right rear side of her car, and the car went out of control. Her vehicle swerved to the left and right and travelled approximately 40 feet after the thump was heard. The car was brought to a stop without colliding with any other object. After stopping, the driver walked back behind her vehicle and saw an open manhole cover with part of the cement rim missing. In her discovery deposition, Claimant indicated she saw no cracks or

depressions around the hole. There was no property damage other than a flat tire to her right rear wheel.

While approaching the scene of the accident, Claimant testified she noticed nothing unusual about the manhole cover and that she had passed the area previously and noticed nothing out of the ordinary in the area. Neither she nor any of the other Claimants knew how long the alleged defect had existed.

The other Claimants were passengers in the vehicle at the time the accident occurred. They all had claims for alleged injuries suffered in the accident and they testified to the fact that previous to the day in question, they had no occasion to complain about the manhole cover.

Respondent offered no evidence except a departmental report which was to the effect that there had been no previous complaints about this particular manhole cover. There is no evidence showing Respondent had previous knowledge of any defect in said manhole cover.

All of the testimony of Claimants as to obvious defects in the manhole cover was impeached by Claimants' discovery depositions and it is apparent the State did not have either actual or constructive knowledge of the alleged defect.

This Court has consistently held that the claimant must prove the State had either actual or constructive knowledge of the dangerous condition which caused the accident complained of, that the proximate cause of the accident was the failure of the State to remedy the dangerous condition, and that claimant was free from contributory negligence. See *Container Transit, Inc. v. State* (1979), 33 Ill. Ct. Cl. 225, 226.

This Court has held on many occasions that the State

is not an insurer of the conditions of the highways under its control but does have a duty to the public to use reasonable care in maintaining its roadways.

In view of the fact the State did not have either actual or constructive knowledge of the dangerous condition which allegedly caused the accident, Claimants have failed to prove liability on the part of Respondent.

Claim denied.

## ORDER ON DENIAL OF RECONSIDERATION

HOLDERMAN, J.

This matter comes before the Court upon motion of Claimants for reconsideration of the Court's order heretofore entered.

It is hereby ordered that Claimants' motion for reconsideration be, and the same is, denied, and this caused is dismissed.