(No. 82-CC-0524

AETNA CASUALTY & SURETY Co. and AR-MER ENTERPRISES, INC., Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1984.*

*Order on petition for rehearing filed July 9, 1984.*

CASEY & CASEY (ESTEBAN F. SANCHEZ and EDWARD F. CASEY, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an accident that occurred on September 16, 1980.

At about 2:00 a.m. on September 16, 1980, Jerry Kirby was driving Claimant's 1973 Peterbilt truck along Route 71 in a northbound direction. Two hours later, about 4:00 a.m., Mr. Kirby was traveling south on that same highway when he came upon a hole 2½ or 3 feet square on a bridge. The hole was completely through the bridge. Because Mr. Kirby had Claimant's truck in the northbound lane while going over the bridge he was unable to avoid the hole, and sustained damages to Claimant's truck in the amount of three thousand five hundred ninety five and 40/100 ($3,595.40) dollars.

When driving over this road at 2:00 a.m., Mr. Kirby did not notice any signs before the bridge or a metal plate on the bridge. Mr. Kirby testified that when he investigated after the accident he found the plate was off the highway altogether.

An Illinois Department of Transportation maintenance crew had performed temporary repairs on the site of the accident on September 13, 1980. The crew placed a steel plate weighing approximately 1,500 pounds on the hole and secured it with cold patch mix. Testimony showed that the crew had placed two "bump" signs and kerosene pots at either end of the bridge to slow traffic.

Claimant asserts that the Department was negligent when it failed to secure the steel plate with anchor bolts.

Mr. Roger Cosgrove, a civil engineer with the Department, testified that there are three acceptable methods available to secure such plates. He stated that securing the plate with cold patch mix is an acceptable method. From the record the Court was unable to find that a different method would have been more effective.

The testimony indicates that the steel plate was

dislodged sometime between 2:00 a.m. and 4:00 a.m., which was the time of the accident.

In *Stege v. State* (1971), 27 Ill. Ct. Cl. 399, the Court held that for recovery to be possible it must be shown that the defect was substantial enough and must have existed for such a length of time that reasonable persons would conclude that immediate repairs should be made or, in the alternative, that warning signs be posted. The State must have either actual or constructive notice of the defect.

From the testimony it is clear that the State did not have sufficient notice of the defect.

Based upon careful examination of the entire record in this cause, we hold that Claimant failed to prove by a preponderance of the evidence that the Respondent was negligent.

It is hereby ordered that this claim be, and hereby is, denied.

## ORDER ON PETITION FOR REHEARING

POCH, J.

This cause comes to be heard on the petition for rehearing filed by Claimant seeking rehearing from the decision of this Court of February 14, 1984, due notice being given and the Respondent having filed an answer to the Claimant's petition for rehearing, and the Court being fully advised, hereby:

Finds that the petition for rehearing filed by Claimant does not state with any merit any alleged errors overlooked by the Court. Pursuant to Rule 22 of this Court, there is no legal or factual reason to reverse or

modify this Court's opinion of February 14, 1984, dismissing the claim.

It is hereby ordered:

That the petition for rehearing filed by Claimant, be, and the same is hereby denied.