(No. 89-CC-2448-▇▇▇▇▇▇▇▇▇▇

CHARITHA MATTHEWS, MICHAEL BELL, and ALMETTER KNIGHTEN, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 4, 1992.*

ROBERT L. SILBERSTEIN, for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY T. RIDDLE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

Claimants brought this claim for damages against the State of Illinois for personal injuries sustained from an automobile accident on February 18, 1987. A hearing was held on January 22, 1991, and in consideration of the stipulation of facts and briefs of the respective parties hereto, the following findings of fact were made:

A. That on the 18th day of February, 1987, a collision occurred between Claimants and Respondent (State of Illinois Department of Conservation), as evidenced by the official traffic collision report.

B. That Claimant, Charitha Matthews', specials and doctor's reports were set forth as Exhibit B attached to said stipulation.

C. That Claimant, Michael Bell's, specials and doctor's reports were set forth as Exhibit C attached to said stipulation.

D. That Claimant, Almetter Knighten's, specials as to property damage, was set forth as Exhibit D attached to said stipulation.

E. That all of the injuries, specials incurred and property damage as reflected in the exhibits were causally related to the collision of February 18, 1987.

F. That all medical specials and property damages

incurred are fair, reasonable, and customary charges in this community.

The police report attached to the stipulation of facts indicates that the collision was caused by the Respondent. The Respondent was in the process of backing up to go around a stalled car when he hit the Claimants' vehicle which was behind Respondent's vehicle. Respondent's agent indicated that he heard the driver of Claimants' vehicle honk her horn, but he did not or could not stop in time to avoid the collision.

Claimant, Charitha Matthews, was pregnant at the time of the collision. Her treating physician, Dr. Hoffman, on February 23, 1987, found "tenderness over the L-4 to 5 and 5 to S-1 interspace with muscle spasm present at L3 to S1." Dr. Hoffman prescribed a course of outpatient physical therapy as, due to Claimant's condition, he could not prescribe medication or obtain X rays. On March 17, 1987, during a re-check examination Dr. Hoffman found "* * * minimal tenderness from L4 through S1 with muscle spasm L3 to S1." Dr. Hoffman continued a course of outpatient physical therapy and placed Claimant on analgesic and muscle relaxants. He was of the opinion that Claimant, Charitha Matthews, sustained a lumbarsacral strain as a result of the aforementioned motor vehicle accident. Charitha Matthews responded to treatment commencing from five days after the injury to almost one month after the accident when she was referred to Dr. Patel, who in turn prescribed an extensive course of physical therapy. Charitha Matthews incurred medical damages in the sum of $1,655.56.

Claimant, Michael Bell, was treated at the Institute of Physical Medicine and Rehabilitation between March 12, 1987, and April 27, 1987, and again on September 14,

1987. When he was seen by Dr. Hoffman, he was placed on an analgesic and a muscle relaxant. Dr. Hoffman was of the opinion that Michael Bell sustained a thoraco-lumbar strain. He received as treatment 25 episodes of therapy. Michael Bell incurred medical damages in the sum of $902.92.

Claimants have a burden of proving by a preponderance of the evidence that the State was negligent and that the State's negligence was the proximate cause of Claimants' injuries. Claimants must also establish a *prima facie* showing of a duty by the Respondent, breach of Respondent's duty proximately causing Claimants' injuries and damages as a result thereof. According to the facts as stipulated in this case, Claimants have respectively met their burden. The preponderance of evidence in this case clearly favors the Claimants. Respondent's negligence resulted in the injuries of the Claimants.

It is hereby ordered:

A. That Claimant, Charitha Matthews, is awarded the sum of $12,000.00 in full and complete satisfaction of her claim.

B. That Claimant, Michael Bell, be awarded the sum of $10,000.00 in full and complete satisfaction of his claim.

C. That Claimant, Almetter Knighten, be awarded the sum of $806.57 which is the amount the parties stipulated to as and for the property damage.