(Nos. 84-CC-2692, 84-CC-2693 cons.— 

WILLIAM IMMORDINO and BONGI CARTAGE, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 23, 1995.*

MICHAEL R. PANTER, for Claimants.

JIM RYAN, Attorney General (COLLEEN MCCLOSKY
VON OHLEN, Assistant Attorney General, of counsel), for
Respondent.

OPINION

MITCHELL, J.

These claims were brought by William Immordino
and his employer, Bongi Cartage Company, as a result of
an incident which took place on April 4, 1983. In addi-
tion, a petition to intervene has been filed on behalf of
the Bituminous Casualty Corporation, the workers' com-
pensation carrier for Bongi Cartage.

On April 4, 1983, the Claimant was employed as a
truck driver for Bongi Cartage Company. On that date it

was Mr. Immordino's responsibility to take loads from a construction site located at Addison and Rockwell, Chicago, to a location in Elk Grove Village. At approximately 10:30 a.m., he left the Chicago site with his second load of the day, entering the Kennedy Expressway at Belmont. In order to stay on the Kennedy, he was required to move into the left lanes. As he crossed from the second lane into the third lane, his vehicle struck a pothole and he lost control of the truck. The tractor-trailer rolled on its side and slid down the Kennedy Expressway causing injuries to Mr. Immordino and damage to the vehicle.

The State of Illinois contends that it lacked notice of the pothole and, therefore, is not responsible for the accident. Additionally, the State believes that the Claimants were not injured to the extent claimed.

There is little dispute that a pothole was a cause of this mishap. Not only did Mr. Immordino testify that he observed the pothole as he attempted to change lanes, but the Claimants' evidence also included the testimony of the driver of the vehicle immediately behind Mr. Immordino. Mr. Alan Underwood of Gurnee, Illinois, was driving northbound on the expressway behind Mr. Immordino's vehicle. He testified that he saw the truck's cab swerve to the left and then go to the right and that the back tire of the trailer went way up in the air on one side and he observed a big chuck hole which he had to straddle as he drove further north. He observed the truck start to fishtail, go out of control and turn over on its side. He describes the chuck hole as being "damn big." He further identified Claimants' Exhibit No. 1 for identification as an accurate depiction of the hole he saw on the day of the accident. Plaintiff also called a Mr. Flipello who testified that his examination of the truck revealed a crack in the left rear spring. The function of the rear spring is to hold

the axle in place and a crack would create an impossible situation for the driver to control the tractor-trailer. Mr. Dennis Mahoney, an employee of the Illinois Department of Transportation, testified that the chuck hole in question appeared to have been patched at some earlier point and that the cold patch did not stick but he had no idea when the cold patch material had been placed in this particular pothole. He also testified as to the frequency and routine with which the department inspects the Kennedy between O'Hare and the Eisenhower and the number of crews involved in such inspections. He further testified that before this incident occurred, no one had called the department's attention to the particular hole in question. Further, during winter months temporary cold patch was placed in these types of holes until the weather changed. Permanent repairs could only be made in warmer weather.

This Court has consistently held that for recovery as a result of an injury suffered in a road defect case, it must be shown that the defect was substantial enough and must have existed for such a length of time that reasonable persons would conclude that immediate repairs should be made or, in the alternative, that warning signs should be posted. (*Stege v. State* (1971), 27 Ill. Ct. Cl. 399.) Careful examination of this record reveals that the pothole which caused this accident had previously been patched by the State in an attempt to avoid this type of incident. There is unfortunately no evidence to indicate when, who or how this patching had been done, but there is evidence that these patch jobs were only temporary and their duration would be effected by weather, traffic conditions, snow plow operations, location and durability.

The State must have either actual or constructive notice of the defect. (*Aetna Casualty and Surety Co. v.*

*State* (1984), 37 Ill. Ct. Cl. 179, 181.) The Court believes that the State of Illinois did have constructive notice of the existence of a pothole and was negligent in maintaining the repairs to that pothole.

The Court believes that fair and reasonable repairs to the truck was the amount of $13,501.03. Mr. Immordino had medical expenses of $8,273.99 and lost wages of $8,260. The evidence as to any permanency was minimal; however, the Court does believe that obviously there was some pain and suffering of which some compensation can be entered.

Therefore, the Court awards $13,501.03 to Bongi Cartage for property damage and awards $31,534 to William Immordino for personal injuries. Pursuant to the stipulation of the parties, the Court enters an order acknowledging a lien of Bituminous Casualty Corporation in the amount of $13,298.35, which represents 75% of the $17,731.14 which Bituminous had previously paid to Claimant, William Immordino.