(No. 97-CC-3984— )

RUSSELL BLOCK, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 16, 2000.*

KENNETH BLOCK, for Claimant.

JIM E. RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR., Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, C.J.

On May 3, 1997, at 5:15 p.m., the Claimant, Russell Block (with his son Kenneth as a passenger) while backing from a parking stall at the McHenry Dam in McHenry, Illinois, caught his front bumper undercarriage on a metal pin used to secure the bumper block. The pin was protruding about two inches. Block's bumper system was

damaged. Block filed a complaint on June 2, 1997, for $982.77 for property damage. A hearing was held before Commissioner Michael E. Fryzel on January 11, 2000.

Block, who has since passed away, was represented by his son Kenneth, who stated that his brother Jeff has been appointed executor or administrator of the estate. Kenneth testified that "I got letters back and forth stating that I should be the one to let the State know that I am doing this cause he is no longer available to do it." He did not have those papers at the hearing. Kenneth also testified that he has visited the dam spot several times before and never witnessed an incident like this happen before and knew of no complaints to the Department of Energy and Natural Resources prior to this incident.

We stated in *Koepp v. State* (1993), 46 Ill. Ct. Cl. 344 at 348 that:

"Claimants have the burden of proving, by a preponderance of the evidence, that the Respondent was negligent and that the State's negligence was the proximate cause of the Claimant's injuries. *Bauman v. State* (1981), 34 Ill. Ct. Cl. 140; *Phillips v. State* (1991), 44 Ill. Ct. Cl. 89; *Mathews v. State* (1992), 44 Ill. Ct. Cl. 291."

*Further, in Toliver v. State* (1994), 47 Ill. Ct. Cl. 55 at 59 the Court noted:

"This Court has consistently held that the State is not an insurer of all persons traveling on its highways. (*Edwards v. State* (1984), 36 Ill. Ct. Cl. 10, 15.) However, where a dangerous condition on a State highway exists, and a person using said highway becomes involved in an accident involving the condition, that person must prove, by a preponderance of the evidence, that such dangerous condition existed and that the State had actual or constructive notice of it. See *Scroggins v. State* (1991), 43 Ill. Ct. Cl. 225."

In *Miley v. State* (1997), 50 Ill. Ct. Cl. 41 at 48, 49 we further held:

"* * *. To find that the Respondent had constructive notice of a dangerous condition, it must be shown that the defect was substantial enough and must have existed for such a length of time that reasonable persons would conclude that immediate repairs should be made, or, in the alternative, that warning signs be posted. (*Aetna Casualty & Surety Co. v. State* (1984), 37 Ill. Ct. Cl. 179, 181.) The dangerous condition must have existed for such an appreciable length of time that the Respondent can be charged with negligence

in not ascertaining and correcting the condition. *Skinner v. State* (1975), 31 Ill. Ct. Cl. 45, 49-50.

Where there is an absence of proof as to how long a dangerous condition existed, there is no evidence upon which to charge the State with notice of its existence, and, therefore the requirement of notice is not met. (*Baker v. State* (1989), 42 Ill. Ct. Cl. 110, 115; *Cataldo v. State* (1983), 36 Ill. Ct. Cl. 23, 25.) In cases where this Court has found constructive notice of a dangerous condition, there has been affirmative evidence of the length of time that the condition existed. See *Miholic v. State* (1979), 33 Ill. Ct. Cl. 23; *Palecki v. State* (1971), 27 Ill. Ct. Cl. 108."

Respondent's departmental report includes a July 15, 1997, Illinois Department of Natural Resources letter which states the pins on all bumper blocks were pounded down by a site technician two weeks prior to the incident. The burden of proof is on the Claimant to show how long the dangerous condition existed. Claimant has failed to meet this burden. Therefore, we are constrained to deny the claim.

It is therefore ordered, adjudged and decreed that this claim is dismissed and forever barred.